**MICHIGAN SAVINGS AND LOAN LEAGUE, a Michigan Corporation, et al., Plaintiffs,**

v.

**Richard J. FRANCIS, as Commissioner of the Michigan Financial Institutions Bureau of the Department of Commerce of the State of Michigan, et al., Defendants.**

**Civ. No. 872527.**

United States District Court, E. D. Michigan, S. D.

May 8, 1980.

---

Fred J. Fechheimer, Dykema, Gossett, Spencer, Goodnow, Trigg, Troy, Mich., for plaintiffs.

Robert Ianni, Asst. Atty. Gen., Lansing, Mich., John E. Gunther, Washington, D.C., for defendants.

MEMORANDUM OPINION

DeMASCIO, District Judge.

The plaintiffs, a group of federally chartered savings and loan associations, and the Michigan Savings and Loan League (League), their trade association, filed this suit for a declaratory judgment that they are exempt from the provisions of the Mich-

igan Mortgage Lending Practices Act (the Act), M.C.L.A. § 445.1601 *et seq.*, Michigan's anti-redlining statute. The Act prohibits "credit granting institutions" from discriminating against borrowers on the basis of "racial or ethnic characteristics or trends in the neighborhood in which the real estate is located." M.C.L.A. § 445.1602(1)(a). The Act further provides that when a mortgage loan is rejected, the lending institution must furnish the disappointed borrower with a written statement of the reasons for the rejection. M.C.L.A. § 445.1602(2)(5).

The plaintiffs joined as defendants, Richard J. Francis, Commissioner of the Michigan Financial Institutions Bureau and the Federal Home Loan Bank Board (Bank Board), a federal agency created to enforce the regulatory provisions it promulgates pursuant to the Home Owners' Loan Act of 1933 (HOLA), 12 U.S.C. § 1461 *et seq.* The plaintiffs allege that, although they are required to comply with all relevant federal statutes and the non-discrimination in lending regulations promulgated by the defendant Bank Board, the defendant Commissioner did announce that plaintiffs must conform their lending practices to the Act. Complaint ¶¶ 6, 7. Contending that they are exempt from the provisions of the Act, the plaintiffs seek to enjoin the defendant Commissioner from regulating, controlling and supervising their lending practices. The plaintiffs allege that this court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1337 (1976), in that this action arises under the laws of the United States. Complaint ¶ 5.

The defendant Bank Board's answer to plaintiffs' complaint admits the jurisdictional allegations as well as all of the general allegations. The Bank Board then filed a cross claim against the defendant Commissioner, praying for the same relief as the plaintiffs. Answer at 1–2, 8. The defendant Commissioner's answer to the complaint also admits the jurisdictional averments, except that he denies that the amount in controversy is $10,000 for each plaintiff.

Answer ¶ 2. The Commissioner further denies that the Bank Board is an indispensable party, contending that plaintiffs' action against the Bank Board "is apparently contrived as no relief is sought against the Board." Defendant's brief in opposition to plaintiffs' and cross claimant's motions for preliminary injunction at 2. Some months later, the defendant Commissioner filed a cross claim praying for a declaratory judgment that plaintiffs are not exempt from the Act and an injunctive order restraining the Bank Board from advising federally chartered savings and loan associations not to comply with the Act.

We have under consideration, the plaintiffs' and cross claimant's motions to preliminarily enjoin the enforcement of the Act and their motions for summary judgment. The plaintiffs point out that the Act requires all "credit granting institutions" to maintain detailed records, file reports, post notices, inform all persons making loan inquiries to file complaints concerning redlining with the defendant Commissioner. The Commissioner is authorized to enforce the Act by imposing fines. The plaintiffs contend that it is impermissibly burdensome to require them to comply with both the state and the federal regulatory schemes and that the application of the Act to federally regulated institutions would create a direct conflict in enforcement and disclosure. Brief in support of motion for preliminary injunction at 25–8. In this regard, plaintiffs point out that the need for national uniformity in lending practices among federally chartered institutions requires that federal institutions comply with only one regulatory scheme. They argue that the federal regulatory scheme is so pervasive it preempts the state law and regulations.[1]

■ Although the parties have agreed that the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1337 (1976), which provides for federal jurisdiction in cases "arising under" the laws of the United States, the court still has the obligation to determine that there is

---

1. The Bank Board has adopted the same position. *See* defendant Bank Board's brief in support of motion for preliminary injunction at 14–5.

indeed subject matter jurisdiction before proceeding to the merits of this case. *See City of Kenosha v. Bruno*, 412 U.S. 507, 511, 93 S.Ct. 2222, 2225, 37 L.Ed.2d 109 (1973). *Cf. Sosna v. Iowa*, 419 U.S. 393, 398, 95 S.Ct. 553, 556, 42 L.Ed.2d 532 (1975) (parties may not stipulate to invoke the judicial power of the United States). In *Louisville and Nashville Railroad Company v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908), the Court held that there was no federal question jurisdiction over a complaint that alleged only that the federal constitution would pose a likely defense to a cause of action arising under state law. In *Gully v. First National Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936), the state tax collector brought suit in state court for taxes allegedly owed by defendant's predecessor. In its removal petition, the defendant contended that the action arose under the laws of the United States, since any authority to tax a federal bank stemmed from an act of Congress authorizing such taxing power. The Court held that there was no federal question jurisdiction under those facts, since the obligation out of which the controversy actually arose was a creation of state and not federal law. The federal law was only "lurking in the background." *Id.* at 117, 57 S.Ct. at 99. The court stated:

> To bring a case within the [federal question] statute, a right or immunity created by the constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. 299 U.S. 112, 57 S.Ct. at 97.

The Court reasoned:

> Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit. The tax here in controversy if valid as a tax at all, was imposed under the authority of a statute of Mississippi. The federal law did not attempt to impose it or to confer upon the tax collector authority to sue for it. True, the tax, though assessed through the action of the state, must be consistent with the federal statute consenting, subject to restrictions, that such assessments may be made. *Id.* at 115, 57 S.Ct. at 99.

This reasoning applies to this case as well. The actual controversy involved here is the application of a state statute and state regulations to the plaintiff associations. The plaintiffs contend that the Act is not applicable to federally chartered associations, while the defendant Commissioner contends that it is. This is the real controversy, and it does not contain the essential element of a federal question. There is no federal jurisdiction unless there is a controversy involving a federal statute, a treaty, or a right created by the constitution. The element that is essential is not a claim implicating federal law, but a *claim under federal law. Gully v. First National Bank*, 299 U.S. at 112, 57 S.Ct. at 97. It probably would be more descriptive to designate "federal question" jurisdiction as "federal claim" jurisdiction. *See* Mishkin, *The Federal "Question" in the District Courts*, 53 Colum.L.Rev. 157, 171 (1953). There is no controversy over the applicability of the federal regulations. Federal law arises in this case only as a preemption defense raised by the plaintiffs to the enforcement of the Act, which is the real controversy. Indeed, it is only through the Declaratory Judgment Act, 28 U.S.C. § 2201 (1976), that the plaintiffs have been able to bring this action at all. However, 28 U.S.C. § 2201 provides that in the case of an "actual controversy within its jurisdiction," a federal court may declare the rights of any interested party. It is well settled that § 2201 does not confer or expand federal court jurisdiction. *See Delavigne v. Delavigne*, 530 F.2d 598, 601 (4th Cir. 1976); *Skelly Oil Company v. Phillips Petroleum Co.*, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). For this reason, a court must examine carefully any action for declaratory judgment. The actual controversy between the parties must remain the focal point for determining jurisdiction and in this case, that controversy is one involving state law. The plaintiffs make this clear by alleging that "this action arises out of a dispute between each and every plaintiff, on the one hand, and defendant Francis on the other hand, as to whether or not defendant Francis . .

896

has the power, duty and authority to regulate, control and supervise federal savings and loan associations . . . ." Complaint ¶ 7. The mere fact that a federal defense may be "lurking in the background" of plaintiffs' complaint is not sufficient to confer federal question jurisdiction.

In *Home Federal Savings and Loan Association of Algona v. Insurance Department of Iowa*, 571 F.2d 423 (8th Cir. 1978), the court reached a similar conclusion on similar facts. In that case, the plaintiff sought declaratory and injunctive relief, claiming that federal law preempted Iowa law, which prohibited a tie-in arrangement between plaintiff's extension of credit and the sale of insurance. The court viewed the actual controversy as one arising under state law, with the federal preemption question posing only a defense to state enforcement of its own law. The court held:

> The case is basically simply an alleged violation of state law. It is not a federal case and is not converted to one by Home Federal's defense to the state's basic allegations.[2] *Id.* at 427.

██ The plaintiffs rely on *Rath Packing Company v. Becker*, 530 F.2d 1295 (9th Cir. 1975), *aff'd sub nom. Jones v. Rath Packing Company*, 430 U.S. 519, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977). In the *Rath* case, plaintiffs sought to enjoin the enforcement of California statutes regulating the labeling of foods, contending that the Federal Wholesome Meat Act of 1967 preempted state law. After applying a test which took into account "whether *Rath* has created a

federal controversy where none existed or is seeking an adjudication of a claim that is essentially meaningful only when pleaded as a defense to the particular pending state court actions," the Ninth Circuit held that *Rath* had alleged a claim within the federal question jurisdiction conferred by 28 U.S.C. § 1331 (1976). *Rath Packing Company*, 530 F.2d at 1306.[3] We decline to follow the rationale of the *Rath* case for two reasons. First, we cannot find support for the test adopted by the Ninth Circuit. The congressional grant of jurisdiction is limited to cases *arising under* the laws of the United States; a claim may not be brought in federal court simply because it exists independently of any actual state court litigation. Had the defendant Bank in *Gully v. First National Bank* brought a declaratory action in federal court seeking to invalidate the state tax as inconsistent with federal law, that case could have existed independent of any pending state court action. Second, the *Rath* decision is contrary to the decision of other circuits and of the Ninth Circuit itself, holding that the defense of preemption does not create federal question jurisdiction under § 1331.

The Bank Board has cited the district court opinion and the Ninth Circuit Court of Appeals affirmance of *Conference of Federal Savings and Loan Associations v. Stein*, 604 F.2d 1256 (9th Cir. 1979), holding that the Bank Board's exercise of its regulatory power over federal savings and loan associations granted by Congress pursuant to the HOLA preempts California's anti-redlining statute.[4] We agree with the

2. In *Home Federal Savings and Loan Association*, the late Judge Talbot Smith relied upon *Public Service Commission of Utah v. Wycoff Company, Inc.*, 344 U.S. 237, 248, 73 S.Ct. 236, 242, 97 L.Ed. 291 (1952) ("if the cause of action, which the declaratory defendant threatens to assert, does not itself involve a claim under federal law, it is doubtful if a federal court may entertain an action for declaratory judgment establishing a defense to that claim."); *see also State of Washington v. American League of Professional Baseball Clubs*, 460 F.2d 654, 660 (9th Cir. 1972) ("federal preemption is a matter of defense to a state law claim and not a ground for removal"); *Marquette National Bank of Minneapolis v. First National Bank of Omaha*, 422 F.Supp. 1346, 1352–53 (D.Minn.

1976) (no basis for federal jurisdiction where removing defendant contended that plaintiff's state claim was invalid because bank interest rates could be governed by federal law only); *Johnson v. First Federal Savings and Loan Association of Detroit*, 418 F.Supp. 1106 (E.D. Mich.1976).

3. Apparently, the Supreme Court did not consider the jurisdictional issue.

4. The Ninth Circuit Court of Appeals decision in *Conference* was summarily affirmed by the United States Supreme Court in a brief unsigned order. Apparently, the Court limited its review to the preemption issue and did not consider the jurisdictional issues. 48 U.S.L.W. 1144.

Bank Board that there are procedural similarities between *Conference* and this case. In *Conference*, the state defendant issued a directive notifying all California lending institutions that they were required to obey the state act. The Bank Board issued its opinion that federally chartered institutions need not obey. The *Conference* then filed suit against the defendant Secretary and named the Bank Board as a nominally necessary party seeking a declaration that the state act was preempted by federal regulations. In *Conference*, like here, the Bank Board filed a cross claim against the defendant Secretary seeking to enjoin the enforcement of the state act against federal associations. In rejecting California's contention that the district court lacked subject matter jurisdiction since preemption was a defense to a possible state action, the court reasoned that "an actual conflict exists created by the conflicting positions taken by the [state agency] and the bank board." Although the court noted that the defendant Secretary responded by filing an action in state court against one of the federally chartered associations charging violations of the state act, the court did not discuss the state action's relevance to the jurisdiction issues presented by the federal action. We decline to follow the court's decision in *Conference*. Instead, we elect to follow the Eighth Circuit decision in *Home Federal Savings and Loan Association*, and hold that we have no jurisdiction to proceed to the merits of plaintiffs' complaint against the defendant Commissioner.

Since there is no case or controversy between the plaintiff associations and the Bank Board, it is clear that we have no jurisdiction over them. The defendant Commissioner has argued that plaintiffs' action against the Bank Board "is apparently contrived as no relief is sought against the board." Brief in opposition to motions for preliminary injunction at 2. The undisputed facts do not dispel the state's observation. Indeed, it is curious that plaintiffs would join as a defendant the very agency that regulates them.[5]

There remains for consideration, therefore, only the cross claims filed by the defendants Bank Board and the Commissioner against each other. As a general rule, a cross claim may survive the dismissal of the original complaint, provided there is an independent jurisdictional basis for the cross claim. This is true even if the court lacks jurisdiction over the original complaint. *See* 6 Wright and Miller, *Federal Practice and Procedure*, § 1433 at 180 (1971). Cross claims, however, are always permissive, never compulsory. Where the cross claim is filed by a party who never should have been joined in the original complaint, then the cross claim should be treated as one filed by a non-party. We view the cross claims filed in this case as if they were separate causes of action, which need to be filed as separate suits. *See United States v. Thomas Steel Corporation*, 107 F.Supp. 418, 422 (N.D.Ohio 1952) (Circuit Judge Miller, sitting by designation). We do not, therefore, reach the question of this court's jurisdiction over the matters raised by the cross claims. Accordingly, the complaint and the cross claims should be dismissed.

IT IS SO ORDERED.

---

5. The complaint does not even hint that the plaintiff associations have not complied with all of the Bank Board's regulations. We can think of no reason for joining the Bank Board, except to avoid the need to satisfy the jurisdictional amount.