683 F.2d 957
 69 A.L.R.Fed. 743
 MICHIGAN SAVINGS AND LOAN LEAGUE, et al.,
Plaintiffs-Appellants (80-1393),
v.
Richard FRANCIS, Commissioner of the Michigan Financial
Institutions Bureau of the Department of Commerce
of the State of Michigan,
Defendant-Appellee (80-1393 & 80-1452),
v.
FEDERAL HOME LOAN BANK BOARD, Defendant-Appellant (80-1452).
 Nos. 80-1393, 80-1452.
 United States Court of Appeals,
Sixth Circuit.
 Argued Dec. 14, 1981.
Decided July 8, 1982.
 
 Donald S. Young, Detroit, Mich., for plaintiffs-appellants in No. 80-1393 and defendant-appellant in No. 80-1452.
 Fred J. Fechheimer, Dykema, Gossett, Spencer, Goodnow & Trigg, Detroit, Mich., for plaintiffs-appellants in No. 80-1393.
 Frank J. Kelley, Atty. Gen. of Mich., Lansing, Mich., for Richard Francis in both cases.
 Robert Ianni, Asst. Atty. Gen., Lansing, Mich., Harold B. Shore, Federal Home Loan Bank Bd., Washington, D. C., for Richard Francis in No. 80-1393.
 Harvey Simon, John E. Gunther, Federal Home Loan Bank Bd., Washington, D. C., for defendant-appellee in No. 80-1393 and defendant-appellant in No. 80-1452.
 Before EDWARDS, Chief Judge, and ENGEL and KEITH, Circuit Judges.
 KEITH, Circuit Judge.
 
 
 1
 The plaintiffs, a group of federally chartered savings and loan associations, and their trade association, the Michigan Savings and Loan League ("Plaintiffs") filed this action in the United States District Court for the Eastern District of Michigan against Richard Francis, Commissioner of the Michigan Financial Institutions Bureau ("Commissioner").[1] Pursuant to Fed.R.Civ.P. 13, plaintiffs joined the Federal Home Loan Bank Board ("FHLBB" or "Bank Board") as defendant. Plaintiffs alleged that the Home Owners Loan Act of 1933 ("HOLA"), 12 U.S.C. § 1461 et seq. preempts the Michigan Mortgages Lending Act ("Act"), Mich.Comp.Laws Ann. § 445.1601 et seq., Michigan's antiredlining statute. Plaintiffs sought a declaratory judgment that they are exempt from the Act, and sought to enjoin the Commissioner from regulating its association members under the Act. Plaintiffs alleged jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.
 
 
 2
 Although named as a defendant, the Bank Board filed a cross-claim against the Commissioner, seeking the same relief as plaintiffs. The Commissioner responded by filing a cross-claim for 1) a declaratory judgment that plaintiffs were not exempt from the Act, and 2) an injunction restraining the Bank Board from advising federally chartered savings and loan associations that they were not required to comply with the Act.
 
 
 3
 The district court found that the suit did not allege a valid basis for jurisdiction within the ambit of Article 3, of the United States Constitution. Accordingly, the district court dismissed the suit for lack of subject matter jurisdiction. The district court also declined to consider the parties' cross-claims. We affirm Judge DeMascio's decision in Michigan Savings and Loan League v. Francis, 490 F.Supp. 892 (E.D.Mich.1980).
 
 
 4
 * In November, 1977, Michigan enacted the Michigan Mortgages Lending Act.[2] The Act prohibits credit granting institutions from discriminating against borrowers on the basis of "racial or ethnic characteristics or trends in the neighborhood in which the real estate is located." Mich.Comp.Laws Ann. § 445.1602(1)(a).[3] The Act, inter alia, authorizes the Commissioner to enforce the Act by imposing fines of up to $10,000 for each violation.
 
 
 5
 Federally chartered savings and loan associations are also prohibited from redlining under 12 CFR 528 and 12 CFR 531.8.[4] In response to a request from the Plaintiffs, the Bank Board issued a written opinion advising that federal regulations 12 CFR 528 and 12 CFR 531.8 preempted the Act. Consequently, federally chartered associations are not required to comply with the Act.
 
 
 6
 On August 30, 1978, the Commissioner sent a written notice to all Michigan credit granting institutions, including the plaintiffs, indicating his intent to impose a fine against each of them, unless they complied with the Act by October 1, 1978. On October 2, 1978, the plaintiff filed the present suit.
 
 
 7
 In their complaint, the plaintiffs contend that 1) compliance with the Act and the federal regulatory scheme is impermissibly burdensome, and 2) the application of the Act to federally chartered institutions would create a direct conflict in enforcement and disclosure. The Plaintiffs also argue that the Act is invalid to the extent it seeks to regulate institutions chartered under the HOLA. Consequently, the Plaintiffs sought, inter-alia, a declaratory judgment that federal law and the Bank Board's regulations preempt state supervision and regulation of federally chartered associations.
 
 
 8
 The district court found that the actual controversy underlying the present action involved only the application of a state law, i.e., the Act. Therefore, the court concluded that there was no controversy over the applicability of federal law. The court further concluded that federal law arose only as a preemption defense raised against the enforcement of the Act. Mich. Savings, supra at 895.
 
 
 9
 Accordingly, the district court dismissed the complaint for lack of subject matter jurisdiction. The district court also found that the Bank Board was improperly named as a defendant. In light of this finding, the court declined to consider the cross-claims filed by and against the Bank Board.
 
 
 10
 The Plaintiffs and the defendant Bank Board ("Appellants") have appealed.
 
 II
 JURISDICTION
 
 11
 On appeal, appellants maintain that the complaint states a federal claim under the "arising under" clauses of 28 U.S.C. §§ 1331(a) and 1337. Appellants also argue that Conference of Federal Savings and Loan Associations v. Stein, 604 F.2d 1256, aff'd per curiam, 445 U.S. 921, 100 S.Ct. 1304, 65 L.Ed.2d 754 (1980) mandates reversal: 1) the district court's ruling that it lacked subject matter jurisdiction, and 2) that the State is not wholly preempted from regulating federally chartered associations in the area of redlining. Appellants further contend that the trial court erred by refusing to consider the cross-claims filed by and against the Bank Board.
 
 
 12
 We examine each of the contentions separately.
 
 A. Arising Under
 
 13
 Appellants contend that subject matter jurisdiction over this action exists under 28 U.S.C. §§ 1331(a) and 1337.[5] Therefore, the principal dispute presented here is whether this action "arises under the Constitution (or) laws of the United States".[6]
 
 
 14
 Appellants argue that the suit involves a substantial "dispute" or controversy respecting the construction and effect of the HOLA and the accompanying Bank Board regulations. Appellants contend that the Supremacy clause, U.S.Const. art. VI, cl. 2., provides an independent basis for federal jurisdiction. We disagree.
 
 
 15
 Federal jurisdiction is determined solely from the face of plaintiff's complaint. Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). "To bring a case within the (federal question) statute, a right or immunity created by the constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." Id. at 112, 57 S.Ct. at 97.
 
 
 16
 Here, the complaint alleges that 1) a state law is inapplicable to its association members; 2) that the state has and continues to threaten to enforce the Act against the plaintiffs. Pursuant to 28 U.S.C. § 2201, the complaint seeks declaratory relief that the Act is preempted by federal law.[7]
 
 The district court found as follows:
 
 17
 The actual controversy involved here is the application of a state statute and state regulations (Mich.Comp.Laws Ann. § 445.160 et seq.) to the plaintiff associations. There is no controversy over the applicability of the federal regulations. Federal law arises in this case only as a preemption defense raised by the plaintiffs to the enforcement of the Act, which is the real controversy. Mich. Savings, 490 F.Supp. at 895.
 
 
 18
 We agree. In our view, the district court reached the correct conclusion under these facts.
 
 
 19
 Appellants assertions reflect a gallant, but futile attempt to use the Declaratory Judgment Act to invoke subject matter jurisdiction.[8] This statute confers no such jurisdiction. Rather, the Declaratory Judgment Act is discretionary ancillary relief. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); Aetna Life Insurance Company v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937). See Wright, Handbook of the Law of Federal Courts, § 18 at 71 (3rd ed. 1976); See also, Public Service Commission of Utah v. Wycoff, 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952).
 
 
 20
 Thus, plaintiff's failure to assert a valid basis for subject matter jurisdiction is dispositive of their declaratory judgment assertion.
 
 B. Preemption
 
 21
 The district court held that the Plaintiff's assertion of federal preemption was in effect a defense to the threatened enforcement of the Act. Therefore, it could not provide the basis for subject matter jurisdiction. We agree. Moreover, whether the Act is wholly preempted by federal law is not relevant to the determination of whether the district court had subject matter jurisdiction.
 
 
 22
 Public Service Commission v. Wycoff, 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952), is instructive. In Wycoff, the court stated:
 
 
 23
 Where the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court of action, it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court. If the cause of action, which the declaratory defendant threatens to assert, does not involve a claim under federal law, it is doubtful if a federal court may entertain an action for a declaratory judgment establishing a defense to that claim. This is dubious even though the declaratory complaint sets forth a claim of federal right, if that right is in reality in the nature of a defense to a threatened cause of action. Federal courts will not seize litigations from state courts merely because one, normally a defendant, goes to federal court to begin his federal-law defense before the state court begins the case under state law * * * (emphasis added) Id. at 248, 73 S.Ct. at 242.
 
 
 24
 As Judge DeMascio noted, this reasoning applies to this case as well. In fact, this suit represents one of several attempts by the Plaintiffs to avoid compliance with the Act.
 
 
 25
 In November, 1977, Plaintiffs solicited and received an opinion from the Bank Board that they were not required to comply with the Act.[9] On May 26, 1978, the Commissioner apprised all credit granting institutions of the existence of the Act. The Commissioner also sought compliance. On August 30, 1978, a second notice was sent which advised that fines would be imposed against institutions which were not in compliance with the Act by October 1, 1978. Plaintiffs filed this suit on October 2, 1978.
 
 
 26
 It is clear that the Plaintiffs have merely "sought to ward off possible action by the (Commissioner) by seeking a declaratory judgment to the effect that (they) will have a good defense" to the anticipated suit. Wycoff, 344 U.S. at 248, 73 S.Ct. at 242. As noted previously, "the federal question must be disclosed upon the face of the complaint, unaided by the answer". Phillips Petroleum Co. v. Texaco, Inc., 415 U.S. 125, 127, 94 S.Ct. 1002, 1003, 39 L.Ed.2d 209 (1974). Notwithstanding, Appellants contend that its allegation of federal preemption is sufficient to invoke the district court's jurisdiction.
 
 
 27
 Several federal courts have addressed the Wycoff preemption question recently. See generally Madsen v. Prudential Federal Savings & Loan Assoc., 635 F.2d 797 (10th Cir. 1980), cert. denied, 451 U.S. 1018, 101 S.Ct. 3007, 69 L.Ed.2d 389 (1981); Williams v. First Federal Savings and Loan Assoc., 651 F.2d 910 (4th Cir. 1981); Trent Realty Assoc. v. First Federal Savings and Loan Assoc., 657 F.2d 29 (3rd Cir. 1981); National State Bank v. Long, 630 F.2d 981 (3rd Cir. 1980); First National Bank of Aberdeen v. Aberdeen National Bank, 627 F.2d 843 (8th Cir. 1980); Conference v. Stein, supra; Braniff Int'l, Inc. v. Fla. Public Serv. Comm., 576 F.2d 1100 (5th Cir. 1978); Coral Gables Federal Savings and Loan Assoc. v. Harbert, 527 F.Supp. 284 (S.D.Fla.1981); Twin City Federal Savings and Loan Association v. Gelhar, 525 F.Supp. 802 (D.Minn.1981). Appellants rely primarily on Stein, supra. The facts in Stein were similar to those presented here, however, the Ninth Circuit distinguished Wycoff, and held that jurisdiction was proper. Consequently, Appellants contend that the United States Supreme Court held by implication that the district court's subject matter jurisdiction is properly invoked when, as here, a plaintiff seeks declaratory relief and alleges that federal preemption is dispositive of the merits of the anticipatory suit. This assertion reflects either a misreading of Stein or a lack of appreciation of the holding in Wycoff.
 
 
 28
 First, the Stein court cited Wycoff expressly for the proposition of the justiciability of a declaratory suit.[10]
 
 
 29
 Therefore, the Ninth Circuit distinguished Wycoff on grounds different than those relevant to this suit. In Stein, it was stated:
 
 
 30
 "That case (Wycoff) is distinguishable, however. There, the majority concluded that there was no proof of any threatened or probable act by the state commission which might cause the irreparable injury essential to equitable relief or which could serve to create the actual controversy necessary for declaratory judgment jurisdiction. (H)ere, an actual conflict exists created by the conflicting positions taken by appellant and the Bank Board. (citations omitted)
 
 
 31
 'Both the state and federal regulations are currently in effect, subjecting the associations to conflicting requirements ...'
 
 
 32
 An actual justiciable controversy is thus presented." Stein, 604 F.2d at 1259. (emphasis added).
 
 
 33
 Justiciability presupposes subject matter jurisdiction. Therefore, the propriety of federal preemption as a basis for subject matter jurisdiction was not before the United States Supreme Court when it affirmed Stein. Thus, Stein is procedurally inapplicable to the instant case. Today this Circuit joins the Fourth, Eighth and Tenth Circuits in holding that there is no federal jurisdiction where federal preemption is raised as a defense to a threatened state action. See Madsen v. Prudential Federal Savings and Loan Association, 635 F.2d 797 (10th Cir. 1980), cert. denied, 451 U.S. 1018, 101 S.Ct. 3007, 69 L.Ed.2d 389 (1981); Williams v. First Federal Savings and Loan Assoc. of Arlington, 651 F.2d 910 (4th Cir. 1980); First National Bank of Aberdeen v. Aberdeen National Bank, 627 F.2d 843 (8th Cir. 1980), citing Home Federal Savings and Loan Association of Algona v. Insurance Department of Iowa, 571 F.2d 423 (8th Cir. 1978).
 
 
 34
 We therefore affirm the district court's ruling that it lacked jurisdiction to proceed to the merits of plaintiff's suit.
 
 III
 Cross-Claims
 
 35
 The district court determined that the FHLBB was improperly named as a defendant. In reaching its determination, the court considered several factors. First, the court noted that the plaintiff associations sought no relief against the FHLBB. Second, the FHLBB's cross-claim against its alleged co-defendant, the Commissioner, sought the same relief as the plaintiff. Third, during these proceedings the FHLBB and the plaintiffs were joint movants on the several motions; a temporary restraining order and a preliminary injunction both, filed against the Commissioner, and a motion for summary judgment.
 
 
 36
 We find that the district court correctly determined that the FHLBB was improperly designated as a defendant. See Fed.R.Civ.P. 13. Under these circumstances, it cannot be argued that the district court abused its discretion in dismissing the cross-claims. To hold otherwise would encourage artful, and perhaps even contrived, alignments between parties in an effort to circumvent the jurisdiction of federal courts.
 
 
 37
 We find that the FHLBB's interest in this suit unequivocally parallels that of the plaintiff and not the defendant.
 
 
 38
 The judgment below is affirmed.
 
 
 39
 GEORGE CLIFTON EDWARDS, Jr., Chief Judge, dissenting.
 
 
 40
 But for the summary affirmance by the United States Supreme Court of Conference of Federal Savings and Loan Associations v. Stein, 604 F.2d 1256 (9th Cir. 1979), aff'd mem., 445 U.S. 921, 100 S.Ct. 1304, 65 L.Ed.2d 754 (1980), I would agree with Judge Keith's opinion for the court. There is much logic and Supreme Court and Court of Appeals precedent to support it.
 
 
 41
 In Stein, however, the Ninth Circuit approved the exercise of jurisdiction by the District Court in a case quite similar to our instant appeal. I read the Ninth Circuit's opinion as affirmed by the Supreme Court as requiring us to vacate the District Judge's dismissal of plaintiffs' complaint for lack of federal question jurisdiction and remand for his consideration of whether Michigan's efforts to enforce its anti-redlining statutes are precluded by federal preemption-a question the Stein court specifically reserved.
 
 
 
 [1]
 The Financial Institutions Bureau is an agency within the Michigan Department of Commerce
 
 
 [2]
 The Act became effective on July 1, 1978
 
 
 [3]
 The Act further provides that when a mortgage loan is rejected, the lending institution must furnish the rejected borrower with a written statement delineating the reasons for rejection. Mich.Comp.Laws Ann. § 445.1602(2), (5). "Credit granting institutions" are also required to post a prescribed notice in each of their offices. The notice instructs the public to file complaints for alleged redlining violations with the Commissioner
 
 
 [4]
 These regulations became effective on July 1, 1978
 
 
 [5]
 28 U.S.C. § 1331(a) provides:
 The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States, except that no such sum or value shall be required in any action brought against the United States, any agency thereof, or any officer or employee thereof in his official capacity. (Emphasis added.)
 28 U.S.C. § 1337 provides:
 The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies. (Emphasis added.)
 
 
 [6]
 The term "arising under", as stated in § 1337, is to be accorded the same meaning as found in § 1331. Maritime Service Corp. v. Sweet Brokerage de Puerto Rico, Inc., 537 F.2d 560 (1st Cir. 1976)
 
 
 [7]
 28 U.S.C. § 2201 provides that in the case of an "actual controversy within its jurisdiction," a federal court may declare the rights of an interested party. That is, § 2201 does not ipso facto provide a basis for federal jurisdiction. Skelly Oil Co. v. Phillips Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950)
 
 
 [8]
 See note 7, supra
 
 
 [9]
 We note with interest, however, that even prior to its enactment, the present Attorney General for the State of Michigan addressed Plaintiff's preemption concern. Op. Attorney General dated August 10, 1976
 The Attorney General advised:
 Except with respect to those portions of the proposed (Act) dealing with (mortgage) disclosure, neither the Federal Home Mortgage Disclosure Act of 1975, supra, nor any other federal act reflects an unequivocal Congressional intent of making federal law preemptive of state legislation prohibiting discrimination in lending. (H)owever, ... any rules promulgated by a federal agency having supervisory authority over its respective financial institutions (i. e. Bank Board) which conflict with provisions of the (Act) would invalidate the state law. (citations omitted) Id.
 
 
 [10]
 (I)t is not necessary to determine ... but we advert to doubts upon the subject to indicate the injury that would be necessary if the case clearly rested merely only threatened suit in state court
 We conclude that this suit cannot be entertained as one for injunction and should not be continued as one for a declaratory judgment. Wycoff, 344 U.S. at 249, 73 S.Ct. at 243.