**FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF DETROIT, (80–1737 & 80–1754) First Federal Savings & Loan Association of Lenawee County, (80–1748), Plaintiffs-Appellants,**

v.

**DETROIT BOND & MORTGAGE INVESTMENT COMPANY; Trustees of the United States Mutual Real Estate Investment Trust; Walter J. Jones, III; Sandra L. Jones; Samuel J. Chiado; Rosemarie L. Chiado; James A. Dunn; Arthur W. Fortier and Jack D. West, (80–1737) Patrick K. Fisher, a/k/a Patricia K. Sherman and Richard A. McCormack, (80–1748) William David Lustig, Carol S. Lustig, and Janice Lynn Guzenski, (80–1754), Defendants-Appellees.**

Nos. 80–1737, 80–1748 and 80–1754.

United States Court of Appeals, Sixth Circuit.

Submitted on Briefs March 1, 1982.

Decided Aug. 25, 1982.

David M. Hayes, Clark, Klein & Beaumont, Roger K. Timm, Joanne R. Lax, Detroit, Mich., for plaintiffs-appellants.

Edward M. Ranger, Paul A. Longton, Wyandotte, Mich., Harvey A. Koselka, Adrian, Mich., for defendants-appellees.

Before WEICK and BROWN *, Senior Circuit Judges, and PORTER **, Senior District Judge.

PER CURIAM.

In 1977, the Michigan Court of Appeals in *Nichols v. Ann Arbor Federal Savings & Loan Association*, 73 Mich.App. 163, 250 N.W.2d 804 (1977) held that "due-on-sale" clauses in mortgages could not be enforced unless the lender could prove that resort to such clause was reasonably necessary to protect the lender from the impairment of its security. District Judge Guy of the United States District Court for the Eastern District of Michigan was subsequently assigned twenty-two cases seeking declaratory judgments concerning the enforceability of due-on-sale clauses utilized by federally chartered savings and loan associations (federal S&L associations) in Michigan. Eighteen of these cases were filed by mortgagors as plaintiffs; of these, fifteen were filed in Michigan state courts and subsequently removed by the federal S&L association defendants to federal court, and three were filed initially in federal court. The remaining four cases were filed by federal S&L association plaintiffs operating in Michigan.

The federal S&L associations' basis for removing the state cases to federal court and bringing their own declaratory judgment actions in federal court was that the Home Owners' Loan Act of 1933, 12 U.S.C. § 1461 *et seq.* (1976), and federal regulations thereunder, preempt state regulation of the lending practices of federal S&L associations; consequently, they claim that the district court had federal subject matter jurisdiction through the "arises under the Constitution [or] laws ... of the United States" provisions of 28 U.S.C. §§ 1331 & 1337 (1976).

Judge Guy ultimately remanded the cases filed by the plaintiffs-mortgagors to the state courts where they were originally filed, and dismissed all seven cases filed initially in federal court for lack of jurisdiction. He concluded that the federal preemption claim in all of the cases before him was solely in the nature of a federal defense to a state law cause of action. This cause of action, based on *Nichols*, challenged the enforceability of the due-on-sale clauses of federal S&L associations. Since the declaratory judgment actions filed by the federal S&L associations as plaintiffs merely used the federal preemption issue as a "defense" to fend off anticipated state law challenges to the unrestricted exercise of due-on-sale clauses, Judge Guy concluded that a "right or immunity created by the Constitution or laws of the United States" was not established as an essential element of the federal S&L associations' cause of action; accordingly, the necessary prerequisites to federal subject matter jurisdiction did not exist. App. 94, quoting *Gully v. First National Bank in Meridian*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936).

---

* Circuit Judge Bailey Brown retired from regular active service under the provisions of 28 U.S.C. § 371(b) on June 16, 1982, and became a Senior Circuit Judge.

** The Honorable David S. Porter, Senior District Judge of the United States District Court for the Southern District of Ohio, sitting by designation.

■ The only cases on appeal before us are three of the declaratory judgment actions filed initially in federal district court by the federal S&L associations, wherein they seek a declaratory judgment that federal regulations preempt Michigan state law which might prevent enforcement of their due-on-sale clauses. We affirm Judge Guy's determination that federal subject matter jurisdiction does not exist to entertain these actions.

■ Another panel of this court recently concluded that a declaratory action in which "the Plaintiff's assertion of federal preemption was in effect a defense to the threatened enforcement of [conflicting state law] . . . could not provide the basis for [federal] subject matter jurisdiction." *Michigan Savings & Loan League v. Francis*, 683 F.2d 957, at 960 (6th Cir. 1982). In *Michigan Savings & Loan League*, a group of Michigan federally chartered savings and loan associations filed suit in federal district court, seeking a declaratory judgment that they were exempt from Michigan's newly enacted anti-redlining statute because the Home Owners' Loan Act of 1933 preempted the Michigan legislation and barred the Commissioner of the Michigan Financial Institutions Bureau from regulating the federal S&L associations under the provisions of the state law. Our court determined: "It is clear that the Plaintiffs have merely 'sought to ward off possible action by the [Commissioner] by seeking a declaratory judgment to the effect that [they] have a good defense' to the anticipated suit [to enforce the anti-redlining statute]. As noted previously, 'the federal question must be disclosed upon the face of the complaint, unaided by the answer.'" *Michigan Savings & Loan League, supra*, at 961, quoting *Public Service Commission v. Wycoff Co.*, 344 U.S. 237, 248, 73 S.Ct. 236, 242, 97 L.Ed. 291 (1952) and *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127–28, 94 S.Ct. 1002, 1003–04, 39 L.Ed.2d 209 (1974) (per curiam). Although the existence of federal jurisdiction in these situations is a close question, as noted by Chief Judge Edwards' dissent in *Michigan Savings & Loan League*, we agree that, by virtue of that

decision, the law of this circuit is that "there is no federal jurisdiction where federal preemption is raised as a defense to a threatened state action." *Michigan Savings & Loan League, supra*, at 962. That decision governs the jurisdictional issue presented here.

The recent Supreme Court opinion in *Fidelity Federal Savings & Loan Association v. de la Cuesta*, —— U.S. ——, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982), is not to the contrary. Although the Supreme Court squarely held that the Home Owners' Loan Act of 1933 and the Federal Home Loan Bank Board regulations issued pursuant thereto preempt conflicting California state limitations on the enforceability of federally chartered savings and loan associations' due-on-sale clauses, the Court was not confronted with the threshold federal subject matter jurisdiction issue in that case, since it was on appeal from the Court of Appeal of California and did not arise from a lower federal court. The jurisdiction issue must be affirmatively resolved before the merits of the preemption issue can be reached; "whether [conflicting state law] is wholly preempted by federal law is not relevant to the determination of whether the [federal] district court had subject matter jurisdiction." *Michigan Savings & Loan League, supra*, at 960. Although we have little doubt that *Fidelity Federal Savings & Loan Association* should mandate that Michigan law restricting enforcement of the due-on-sale clauses of federal S&L associations is preempted by contrary federal law, that ultimate determination must await hearing by a court of appropriate jurisdiction.

AFFIRMED.

WEICK, Senior Circuit Judge:

I respectfully dissent. The law in the present appeals was conclusively determined in the recent decision of the Supreme Court in *Fidelity Federal Savings & Loan Association v. de la Cuesta*, —— U.S. ——, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982), which upheld the validity of a regulation prescribed by the Federal Home Loan

Board (Board), authorized by Section 5(a) of the Home Owners' Loan Act of 1933 (HOLA), empowering a federal savings and loan association to include on its loan instrument a "due-on-sale" clause that permits the association to declare the entire balance of the loan immediately due and payable if the property securing the loan is sold or otherwise transferred without the association's prior written consent.

The preamble to this lawful regulation stated that the due-on-sale practices of federal savings and loan associations shall be governed "exclusively by Federal law" and that the association "shall not be bound by or subject to any conflicting State law which imposes different . . . due-on-sale requirements." The Supreme Court held that the regulation had the force and effect of law and preempts conflicting state limitations on the due-on-sale practices of federal savings and loan associations. It is our duty and function to apply and follow the Supreme Court's opinion. The district court erroneously held it had no jurisdiction over the controversy and dismissed the complaint. It applied conflicting Michigan law rather than federal law, which it was under duty to apply.

The majority in the present appeal cites the 1977 conflicting decision of the Michigan Court of Appeals in *Nichols v. Ann Arbor Savings & Loan Association*, 73 Mich. App. 163, 250 N.W.2d 807, holding that "due-on-sale" clauses could not be enforced in Michigan unless the lender could prove that such clause was reasonably necessary to protect the lender from the impairment of its security. The majority holds that a federal court in an action for declaratory judgment is even without jurisdiction to decide the issue as this relates only to a possible defense which may be asserted in an action brought by the lender. Actually, it relates to something much more than that, namely, the Supremacy of the federal law. The majority also relies on and holds that it is bound by the decision of a divided panel of this court denying jurisdiction in a similar case *Michigan Savings & Loan League v. Francis*, 683 F.2d 957, Sixth Circuit in an opinion filed on July 8, 1982.

This opinion in *Francis* was obviously written sometime prior to the decision of the Supreme Court, but was filed subsequently thereto, as it does not even mention or discuss the Supreme Court decision which compels a different result. Chief Judge Edwards dissented holding that the court had jurisdiction and cited authority in support of his dissent. The court in *Francis* pointed out that the Michigan Anti-Redlining Act authorizes the Michigan Building and Loan Commissioner to enforce the Act by himself imposing fines of up to $10,000 for each violation, M.C.L.A. § 445.-1602(1)(a), and that he had written to all Michigan credit granting institutions indicating his intent to impose a fine against each of them unless they complied with the Act by October 1, 1978.

To hold that federal courts under these circumstances are powerless to enforce compliance with federal law borders on being ridiculous. Jurisdiction is expressly provided by 28 U.S.C. §§ 1331(a) and 1337. We are bound by the decision of the Supreme Court and not bound by the decision of another panel of this court conflicting therewith.

The majority opinion in the present case even closes with the following statement:

> Although we have little doubt that *Fidelity Federal Savings & Loan Association* should mandate that Michigan law restricting enforcement of the due-on-sale clauses of federal S&L associations is preempted by contrary federal law, that ultimate determination must await hearing by a court of appropriate jurisdiction.

We have appropriate jurisdiction as hereinbefore provided and we ought not to delay our decision any longer.

I would reverse the judgment of the district court and remand for further proceedings.