791 F.2d 931
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES M. CARPENTER; MIRIAM G. CARPENTER; d/b/a CARPENTER
RADIO CO., Plaintiffs-Appellants,
v.
ROBERT K. LEONARD; FRANK B. CORY; DAVID A. CHENEY; HOMER E.
ABELE; LAWRENCE GREY; EARL E. STEPHENSON; UNITED
TELEPHONE Co. of OHIO; and UNITED
TELECOMMUNICATIONS, INC.,
Defendants-Appellees.
 84-3261
 United States Court of Appeals, Sixth Circuit.
 4/15/86
 
 AFFIRMED
 N.D.Ohio
 ORDER
 BEFORE: KRUPANSKY, GUY and BOGGS, Circuit Judges.
 
 
 1
 Plaintiffs appeal the district court's order dismissing the pro se complaint. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiffs filed this civil action against three Ohio lawyers (Leonard, Cory and Cheney), three Ohio appellate judges (Abele, Gray and Stephenson) and two corporations. The complaint alleged that the parties were involved in a state lawsuit concerning the obligation of the corporate defendants to provide plaintiffs with interconnections for their radio station and answering service business. The complaint also alleged that the corporations breached various promises made to plaintiffs and the attorneys had libeled and slandered them. Plaintiffs requested that the federal court enjoin the state proceedings and declare the state court to be without jurisdiction. Federal jurisdiction for the complaint was alleged as follows:
 
 
 3
 Jurisdiction of this action is based on pending actions involving same parties and issues (28 U.S.C. Sec. 2201; FRCP 8(b), 8(c), 57). There is the existence of a substantial federal question requiring the decision as to whether jurisdiction can be on practically the same parties and issues spread from the center of the original action before the FCC to the State Courts, et al., without any resolution of the FCC from the the [sic] gravement [sic] of the complaint existing over a period of eighteen (18) years with no exhaustion of administrative remedies by the FCC. Thus, it is centered on a Federal Question that there is an inadequacy of remedy at law, and therefore, injunctive relief is sought. The action is for declaratory [sic]
 
 
 4
 The defendants filed motions to dismiss for lack of jurisdiction. The district court granted the motions and dismissed the complaint for lack of federal jurisdiction. We affirm.
 
 
 5
 Federal jurisdiction must be determined from the face of the complaint. Gully v. First National Bank in Meridian, 299 U.S. 109 (1936); Michigan Savings & Loan League v. Francis, 683 F.2d 957 (6th Cir. 1982). Plaintiffs alleged jurisdiction on the basis of a federal question, 28 U.S.C. Sec. 1331, and the Declaratory Judgment Act, 28 U.S.C. Sec. 2201. It is well settled that the Declaratory Judgment Act merely provides an additional remedy; it does not confer federal jurisdiction. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667 (1950); Louisville & Nashville Railroad v. Donovan, 713 F.2d 1243 (6th Cir. 1983), cert. denied, 446 U.S. 936 (1984); Michigan Savings and Loan League v. Francis, supra. It is apparent from the complaint that there is no diversity of citizenship. See 28 U.S.C. Sec. 1332. Therefore, the existence of a federal question is necessary to confer jurisdiction. 28 U.S.C. Sec. 1331 provides that the federal distr ct courts have jurisdiction over civil actions 'arising under the Constitution, laws or treaties of the United States.' The federal question must be an essential element of the plaintiffs' claim to confer jurisdiction. Gully v. First National Bank in Meridian, supra; Michigan Savings & Loan League v. Francis, supra. The possibility that an issue of federal law may emerge in the suit does not constitute a federal question. Skelly Oil Co. v. Phillips Petroleum Co., supra. It is difficult to discern plaintiffs' claim from the complaint. James Carpenter is apparently a defendant in a state action involving his contract with the corporations. Carpenter also alleges various tortious acts by the corporations and its attorneys, such as fraud, libel, slander and interference with his business, in connection with his attempts to obtain radio privileges from the FCC. The existence of an underlying dispute involving the FCC does not confer federal jurisdiction to interfere in a contract dispute. See Skelly Oil Co. v. Phillips Petroleum Co., supra. Therefore, since there is no basis for federal jurisdiction apparent in the complaint, the district court properly dismissed the action for lack of jurisdiction.
 
 
 6
 Accordingly, it is ORDERED that the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).