Eileen M. BLAKE, Plaintiff,

v.

ABBOTT LABORATORIES,
INC., et al., Defendants.

No. 3:94–cv–0286.

United States District Court,
E.D. Tennessee,
Northern Division.

March 2, 1995.

Gordon Ball, Knoxville, TN, for plaintiff.

W. Kyle Carpenter Louis C. Woolf and
Tony R. Dalton, Woolf, McClane, Bright, Allen & Carpenter, Knoxville, TN, for defendant Abbott Laboratories, Inc.

R. Dale Grimes and Robert J. Walker,
Bass, Barry & Sims, Nashville, TN, for defendants Bristol–Myers Squibb Company,
Inc. and Mead Johnson & Co.

## MEMORANDUM OPINION

JORDAN, District Judge.

The defendants removed this civil action to this court from the Circuit Court for Blount County, Tennessee, pursuant to 28 U.S.C. §§ 1441, *et seq.* The civil action is now before the court for consideration of the plaintiff's 28 U.S.C. § 1447(c) motion to remand [doc. 10; supporting brief, doc. 11]. The parties have briefed the issues presented [docs. 15, 16, 17, 18 and 19]. The court finds that oral argument would not assist it in deciding the issues presented.

In her first amended complaint filed in the Blount County Circuit Court [doc. 1, ex. B], the plaintiff says that the defendants are dominant in the marketing and sale of infant

formula in the State of Tennessee, and that they conspired among themselves and with others to maintain and to increase artificially high prices for their infant formula products in Tennessee. The plaintiff seeks certification of a class consisting of "[a]ll person[s] who indirectly purchased one or more brands of infant formula from [the defendants], except for infant formula sold under the Gerber brand name, in the State of Tennessee during the period January 1, 1980, to December 31, 1992."

In her first amended complaint, the plaintiff alleges that the running of any applicable limitations period was tolled by fraudulent concealment practiced by the defendants. She states causes of action under Tennessee law concerning unfair trade practices, Tennessee Code Annotated §§ 47–25–101, *et seq.,* and under the Tennessee Consumer Protection Act of 1977, as amended, T.C.A. §§ 47–18–101, *et seq.* The plaintiff prays for declaratory and injunctive relief, and for "actual damages and court costs under the Tennessee Unfair Trade Practices Act and actual damages trebled plus court costs under the Tennessee Consumer Protection Act," for herself[2] and other members of the putative class.

A close reading of the first amended complaint indicates that the plaintiff deliberately avoided stating a claim for relief under federal law concerning price-fixing or any other federal law concerning trusts, combinations, or unfair trade practices. With respect to damages, the plaintiff states in paragraph 8:

> The damages suffered and sought to be recovered by plaintiff and the class she seeks to represent are in excess of $10,000, although the exact amount of damages caused to the class members cannot be precisely determined without access to defendant's (sic) records. Plaintiff's individual damages, and the damages of each class member do not exceed $50,000, even when trebled.

In paragraph 16,

> Plaintiff alleges that her actual damages, and the actual damages of each member of the punitive (sic) class, are not more than $800 per infant per year under Count I [the unfair trade practices cause of action], or not more than $300 per infant per year, before trebling, under Count II [the Tennessee Consumer Protection Act cause of action], and in any event under either or both counts amount to far less than $50,000.

The plaintiff therefore explicitly prays for damages in an amount less than the jurisdictional amount required for diversity jurisdiction under 28 U.S.C. § 1332.[1]

In removing this civil action to this court, the defendants, obviously mindful of this aspect of the plaintiff's prayer for relief, did not assert the existence of diversity jurisdiction. Instead, in their notice of removal [doc. 1], the defendants assert that this civil action arises under federal law, and specifically under 15 U.S.C. §§ 1, *et seq.,* and that jurisdiction of the subject matter therefore exists under 28 U.S.C. § 1331[2], with supplemental jurisdiction under 28 U.S.C. § 1367 of the claim under the Tennessee Consumer Protection Act. Concerning the plaintiff's antitrust cause of action, the defendants state in their notice of removal,

> The Tennessee state courts have held that the Tennessee antitrust statute applies only to transactions that are predominantly intrastate in character, and that transactions that are not predominantly intrastate in character—including interstate antitrust conspiracies—may be challenged only under the federal antitrust laws. Because plaintiff alleges a conspiracy that did not occur predominantly in Tennessee, but occurred primarily, if not entirely, outside Tennessee and consisted primarily, if not

---

1. The figure of $10,000.00 mentioned in paragraph 8 of the plaintiff's first amended complaint is the limit of the jurisdiction of most Tennessee courts of general sessions in civil cases. T.C.A. § 16–15–501(d)(1).

2. It makes no difference to the outcome of this case whether the defendants assert federal-question jurisdiction of the subject matter under the general statute, 28 U.S.C. § 1331, or under 28 U.S.C. § 1337(a), which applies more specifically to claims "arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."

exclusively, of interstate transactions affecting interstate commerce, plaintiff's claims are cognizable, if at all, only under the federal antitrust laws.

▮ The correct response to this somewhat elaborate argument in support of the asserted ground for removal, however, is that it is an argument in support of a motion to dismiss the plaintiff's cause of action under Tennessee unfair trade practices law which should be addressed to a Tennessee court. The plaintiff was free to choose not to state a cause of action under federal law, and the defendants may not state such a cause of action for her. With exceptions not applicable in this case, the causes of action which may be determined from the face of the plaintiff's complaint dictate whether this civil action belongs in a Tennessee or a federal forum. *See generally Michigan Savings and Loan League v. Francis,* 683 F.2d 957 (6th Cir.1982), and the authorities cited therein.

▮ Even if federal preemption provides an exception to this "well-pleaded complaint" rule in a limited category of cases, it cannot be of use to the defendants here, because federal antitrust law does not preempt state antitrust law. *See, e.g., California v. ARC America Corp.,* 490 U.S. 93, 109 S.Ct. 1661, 104 L.Ed.2d 86 (1989) (the Sherman Act, which does not provide a damages remedy to indirect purchasers who are victims of price-fixing, does not preempt state antitrust laws which provide such a remedy to indirect purchasers).

In opposing remand, the defendants rely on the "artful pleading" doctrine to argue that the plaintiff, an indirect purchaser, has no remedy against the defendants under federal antitrust law; that her causes of action pleaded under state law are an artful attempt to circumvent the rule of federal antitrust law which prevents indirect purchasers from recovering damages in federal antitrust lawsuits based on allegations like those in this case; and that the plaintiff's reliance in her complaint on state law does not, therefore, prevent removal to this court of what is in reality a federal antitrust lawsuit. The dis-

trict court in *In re Wiring Device Antitrust Litigation,* 498 F.Supp. 79 (E.D.N.Y.1980), accepted this argument, but this court does not accept it, for the reasons stated below.[3]

"The fact that a plaintiff has both state and federal remedies does not mean that [s]he must state [her] federal claim." *Magic Chef, Inc. v. International Molders & Allied Workers Union,* 581 F.Supp. 772, 776 (E.D.Tenn.1983) (*per* Milburn, now Circuit Judge). As the decision in *California v. ARC America Corp., supra,* makes plain, state antitrust laws survived Congress' entry into the field. Therefore, preemption does not bar litigation under the Tennessee law on which the plaintiff here relies.

This is not a case in which the defendants seek removal to give *res judicata* effect to a prior adjudication concerning similar claims made by this plaintiff and arising under federal law. *See Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit,* 874 F.2d 332, 341–42 (6th Cir.1989) (*per* Milburn, J.); *Magic Chef, supra,* 581 F.Supp. at 776 n. 4. For this reason, *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394 (1981), must be distinguished in this case. This is also not a case in which removal jurisdiction is needed to give effect to a prior decree of this or another federal court. *See Her Majesty the Queen v. City of Detroit, supra,* 874 F.2d at 339–40, *distinguishing Striff v. Mason,* 849 F.2d 240 (6th Cir. 1988).

▮ For all of these reasons, the court agrees with the analysis in *Sullivan v. First Affiliated Securities, Inc.,* 813 F.2d 1368 (9th Cir.), *cert. denied,* 484 U.S. 850, 108 S.Ct. 150, 98 L.Ed.2d 106 (1987), in which the court of appeals held that it was error not to remand the plaintiffs' civil action arising under California law, including "blue sky" securities law, even though the plaintiffs had filed a parallel federal action against the same defendants under federal law including federal securities law. The court therefore agrees with the district courts which have remanded removed cases similar to the one at bar, as

---

**3.** It is noteworthy that in *In re Wiring Device Antitrust Litigation, supra,* the district court found diversity jurisdiction to exist, arguably rendering its decision concerning the existence of jurisdiction of the subject matter under 28 U.S.C. § 1337 *obiter dictum.*

indicated by the copies of unpublished opinions submitted by the plaintiff with the affidavit of her counsel [doc. 11, attachment], and with the notices of supplemental authorities filed by her [docs. 17 and 18]: *Robin Free and Renee Free v. Abbott Laboratories, et al.,* Civil Action No. 93–971–A, M.D.La., Ruling on Motion to Remand filed April 5, 1994; *Richard R. Carlson v. Abbott Laboratories, Bristol–Myers Squibb Company, and Mead Johnson & Company,* Case No. 94–C–378, E.D.Wis., Decision and Order filed July 21, 1994; *Deborah Jane Buscher v. Abbott Laboratories, Bristol–Myers Squibb Co., and Mead Johnson & Co.,* Civil Action No. 2:94–cv–0422, S.D.W.Va., Order entered Sept. 26, 1994; and *Laurel A. DeVincenzi v. Abbott Laboratories, Bristol–Myers Squibb Co., and Mead Johnson & Co.,* No. CV–S–94–527–LDG(RJJ), D.Nev., Order and Memorandum Decision entered Nov. 16, 1994.

That a Tennessee forum will be cognizant of its duty to consider the argument that it should dismiss a claim based on Tennessee antitrust law when the basis in fact of the claim is an interstate transaction or transactions governed exclusively by federal law, is shown by *Standard Oil Company v. State,* 117 Tenn. 618, 100 S.W. 705 (1907), on which the defendants so staunchly rely. Indeed, such a duty arises both under the narrow construction of Tennessee antitrust law handed down by the Tennessee Supreme Court in *Standard Oil Company, supra,* and under the Supremacy Clause of the federal constitution.

> The acts of congress, when within the scope of powers delegated by the states to the federal government, are the statute law and the higher statute law of the several States, and are enforced by their courts, in matters of which they have jurisdiction, as fully as their own statutes, without being specially plead or proven.

*Standard Oil Company, supra,* 117 Tenn. at 641, 100 S.W. at 710. The court finds it telling in this case that soon after removing this civil action to this court on the ground of federal-question jurisdiction, the defendants moved to dismiss the action, relying heavily on Tennessee antitrust law.

"The party seeking removal bears the burden of establishing its right thereto. The removal petition is to be strictly construed, with all doubts resolved against removal." *Her Majesty the Queen v. City of Detroit, supra,* 874 F.2d at 339 (citations omitted). While the notice of removal has replaced the petition, *see* 28 U.S.C. § 1446, the court's duty to guard against hearing cases over which it has no jurisdiction is undiminished. Concluding that it has no jurisdiction in this case, the court will remand this civil action to the Tennessee court from which the defendants removed it.

### ORDER

For the reasons stated in the court's memorandum opinion filed simultaneously with this order, the court finds the plaintiff's motion to remand [doc. 10] well taken under 28 U.S.C. § 1447(c), and it is **GRANTED.** It is **ORDERED** that this civil action is **RE-MANDED** to the Circuit Court for Blount County, Tennessee.

The motion for admission *pro hac vice* of certain attorneys as counsel for the plaintiff [doc. 9] is **DENIED.** These attorneys may seek admission *pro hac vice* to the bar of the Blount County Circuit Court.

The defendants may present their joint motion to dismiss [doc. 7] to the Blount County Circuit Court.