IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

# B & G CONSTRUCTION, INC. v. MANFRED POLK, ET AL.

**Direct Appeal from the Circuit Court for Davidson County**
**No. 98C-3550    Barbara N. Haynes, Judge**

---

**No. M1999-00677-COA-R3-CV - Decided April 18, 2000**

---

This appeal arises from a judgment for the Appellee landlord in a Circuit Court appeal from a detainer action originally brought in Davidson County General Sessions Court. The Appellant tenant raises issues alleging error in the Trial Court's assertion of jurisdiction over the cause of action. These assertions are based upon the tenant's objection to the method of service of process for the General Sessions Court detainer warrant, and failure of the Circuit Court to recognize the tenant's filing of a petition for removal in the United States District Court. Because the detainer warrant was served upon an adult found in possession of the premises in question, service of process was effective under T.C.A. § 29-18-115(a) to establish jurisdiction for the original General Sessions Court award of possession in favor of the landlord. When the tenant appealed the General Sessions Court judgment to Davidson County Circuit Court under the authority of T.C.A. §§ 29-18-128 and 27-5-108, the appeal was *de novo* under T.C.A. §§ 16-15-729 and 27-5-108(c), and the Circuit Court acted properly in awarding the landlord not only possession, but also damages and discretionary costs. Because the tenant failed to comply with the procedure required to remove the lawsuit from the jurisdiction of the Tennessee courts to the jurisdiction of the federal court, the Trial Court properly retained jurisdiction over this cause of action.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

SWINEY, J., delivered the opinion of the court, in which GODDARD, P.J., and FRANKS, J., joined.

Manfred Polk, Brentwood, Tennessee, appellant, Pro Se.

Isham B. Bradley, Brentwood, Tennessee, for the appellee, B & G Construction, Inc.

## OPINION

Defendant/Appellant Manfred Polk ("Defendant") appeals the judgment of the Trial Court in awarding possession, damages, and discretionary costs to Plaintiff/Appellee B & G Construction, Inc. ("Plaintiff") in a wrongful detainer action originally brought in General Sessions Court and

appealed by Defendant to the Davidson County Circuit Court. Defendant challenges the jurisdiction of the Trial Court in the effectiveness of service of process by leaving a copy of a General Sessions Court detainer action summons with an adult found in possession of the premises, and for failing to recognize removal of the lawsuit to federal court. Additionally, Defendant raises assertions of error in the Trial Court's rulings on various motions. For the reasons set forth below, the judgment of the Trial Court is affirmed.

## BACKGROUND

This lawsuit has a convoluted procedural history, and the record on appeal is, at best, sparse. Defendant and his wife, Muriel Polk, apparently rented a residence in Davidson County from Plaintiff. A dispute arose between Defendant and Plaintiff, and Defendant ceased payments, but held over possession of the residence. Plaintiff filed a detainer warrant with the Davidson County General Sessions Court December 4, 1998, and service was executed December 9, 1998. Default judgment was entered in the General Sessions Court, from which Defendant appeal to the Davidson County Circuit Court. Defendant filed a Motion for Dismissal, moving that Muriel J. Polk be dismissed from the cause of action "due to nonservice". On April 8, 1999, another Motion for Dismissal was filed by Defendant above his signature as "Attorney Pro se for Appellant," with the subheading "Motion to Vacate and/or Default Judgment,"once again asserting claims regarding the legal rights of Muriel J. Polk. The Order of Possession and Judgment entered in the Circuit Court April 12, 1999, indicates that the lawsuit was heard December 29, 1998, and awards possession to Plaintiff, along with damages in the amount of $15,322.00, and attorney's fees of $3,700.00. Defendant filed a Motion for New Trial May 11, 1999, with various attachments. It appears that Defendant again filed the April 29 Motion for Dismissal on May 11, 1999, along with various affidavits and exhibits. The Trial Court issued an Order filed May 25, 1999, denying the Motion for Dismissal, Motion to Vacate and/or Default Judgment, and the Motion for New Trial, and stating "[t]his is a final order of this Court in this cause." Although the record indicates additional post-judgment litigation below concerning bond issues and stay of the Trial Court judgment pending this appeal, it is from the May 25, 1999 Order that Defendant appeals.

## DISCUSSION

The record on appeal is set forth in T.R.A.P. Rule 24(a). Defendant appended a large volume of various materials to his brief, seeking on appeal to draw factual inferences therefrom. Such filings are not included in our analysis of what transpired in the Trial Court under T.R.A.P. Rule 24(g), as the materials were neither filed with, nor considered by, the Trial Court, and do not serve to convey a fair, accurate, and complete account of what transpired in the Trial Court with respect to the issues on appeal. The "Statement of Facts" in Defendants' brief is comprised of narrative and reference to material not found in the record of the Trial Court, along with alleged quotations from testimony at trial and statements attributed to the Trial Court. Apparently, no transcript of the proceedings below was recorded, therefore, none of these "facts" is reflected in the record and none of this material is considered on appeal. Likewise, Plaintiff's brief is unhelpful, arguing without a single citation to the record of the Trial Court, with only one case cited as "interesting to note," without discussion as to any relevance to the issues on appeal. Plaintiff, like Defendant, appended and

references material that does not appear in the record of the Trial Court, and, for the reasons set out above, such material is not considered in this appeal.

Additionally, the brief of the appellants, listed as Manfred Polk and Muriel J. Polk, is filed by Manfred Polk as "counsel for Defendants/Appellants." Although the affidavit of Manfred Polk appears in the record on appeal averring that he is a "member in Good Standing of the New Jersey Bar Association," there is no evidence that Manfred Polk is licensed to practice law in Tennessee, nor has he filed to appear *pro hac vice*. Therefore, Manfred Polk appears before this Court *pro se*, and consideration of Appellants' brief on appeal is limited to the rights of Manfred Polk. *See, Turtle Creek Apartments v. Polk*, 958 S.W.2d 789 (Tenn. Ct. App. 1997)(where, in the appeal of an unlawful detainer judgment, Manfred Polk and Muriel Polk were listed as the appellants and this Court cited T.C.A. §§ 23-1-108 and 23-1-109 as establishing that only the rights of Manfred Polk could be considered on appeal in his capacity as a *pro se* appellant).

Plaintiff raises on appeal the issue of whether service of process was effected by the General Sessions detainer warrant, whether the Trial court erred in retaining jurisdiction after Defendant filed a petition for removal in the United States District Court, whether the Trial Court erred in denying Defendant's motion to vacate default judgment, and whether the Trial Court erred in denying Defendant's motion for new trial. Defendant attempts to raise four additional issues by restating these same issues as questions of violation of due process, but neither makes citation to the record of the Trial Court nor cites any legal authority in support thereof, and these are not considered as issues properly before this Court. Our standard of review of this non-jury case is *de novo*, with a presumption of correctness as to the Trial Court's findings of fact balanced against the preponderance of the evidence in the record, with great weight accorded the Trial Court's findings of credibility of witnesses. *Quarles v. Shoemaker*, 978 S.W.2d 551, 552-553 (Tenn. Ct. App. 1998).

Defendant asserts error in that he was not personally served the General Sessions detainer warrant. In support of his argument, Defendant cites *Toler v. City of Cookeville*, 952 S.W.2d 831 (Tenn. Ct. App. 1997). *Toler* is not on point, as it involves a different question concerning service of process in a medical malpractice action, not the present issue of service of process under the statutes relating to unlawful detainer. The warrant as returned by the Sheriff appears in the record bearing the notation, "[s]erved adult male on premises who refused to give name." Although Defendant avers that he was not the person served, and filed related motions, affidavits, and other materials with the Trial Court, service was properly issued and executed under the Tennessee statute establishing the procedure for service of summons in a detainer action. "In commencing an action under the provisions of this chapter, summons may be served upon any adult person found in possession of the premises; and service of process upon such party in possession shall be good and sufficient to enable the landlord to regain possession of such landlord's property." T.C.A.§ 29-18-115(a). In the General Sessions Court action, Plaintiff sought, and was awarded, the relief of possession available under this method of service of process.

Although not enumerated by Defendant as a separate issue on appeal, his brief discusses the next issue to be addressed, that the Circuit Court erred in awarding damages and discretionary costs in addition to the award of possession that was appealed. First, we must note that it was Defendant

who appealed the General Sessions award. From the plain wording of T.C.A.§ 29-18-115(a), the service of process upon an adult found in possession of the premises at issue was "good and sufficient" to support the award of possession of Plaintiff's property. When Defendant appealed the General Sessions Court judgment to Davidson County Circuit Court under the authority of T.C.A. §§ 29-18-128 and 27-5-108, the appeal was heard as a trial *de novo* under T.C.A. §§ 16-15-729 and 27-5-108(c).

> [C]ases appealed from the general sessions court to the circuit court pursuant to Tenn.Code Ann. § 16-15-729 should be treated for all purposes as if they originated in the circuit court. The parties should be permitted to file amended pleadings to the fullest extent permitted by the Tenn.R.Civ.P. 15 without regard to the general sessions court's monetary limits. Doing so will promote judicial economy by enabling the parties to resolve their disputes on the merits in a single proceeding.

> *Ware v. Meharry Medical College*, 898 S.W.2d 181, 196 (Tenn. 1995).

As Defendant's appeal to Circuit Court opened the door for Plaintiff to amend its Complaint to include relief not available in the General Sessions proceeding, the Circuit Court acted properly in awarding Defendant not only possession, but also damages and discretionary costs. The judgment of the Trial Court as to this issue is affirmed.

Defendant argues that the Trial Court erred in failing to relinquish jurisdiction when he filed a removal petition in the United States District Court, and avers on appeal that such removal occurred prior to the General Sessions Court hearing on December 18, 1998. Defendant also argues that the Trial Court erred by not allowing transfer of the lawsuit to federal court under Davidson County Local Rules §§ 3.04 and 3.05. These are the local rules of court that govern transfer of lawsuits from one Davidson County court to another, or from one court division to another, and have no applicability in removal to federal court. In order to remove a lawsuit originally filed in the Tennessee courts, the Defendant must meet certain federal procedural requirements.

> The procedure for removal is set out in the federal statutes, and states in relevant part:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

> 28 U.S.C. § 1446(d), *Procedure for removal.*

The steps of this requisite procedure have previously been addressed by Tennessee courts, but usually in the context of a State court continuing with a case when the procedural requirements for removal have been met by the defendant or defendants.

Federal courts have consistently held that the removal of an action to federal court divests the state court of jurisdiction to take further action. Pursuant to § 1446, "it has been uniformly held that the state court loses all jurisdiction to proceed immediately upon the filing of the petition in the federal court and a copy in the state court." *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1239 (9th Cir.1994); *Moore v. Interstate Fire Insurance*, 717 F.Supp. 1193 (S.D.Miss.1989); *South Carolina v. Moore*, 447 F.2d 1067, 1073 (4th Cir.1971). "Any further proceeding in the state court in the removed action, unless and until the case is remanded, would be a nullity." 1A Moore's Federal Practice § 0.168[3-8-4]. *See also, Caldwell v. Montgomery Ward and Co.*, 207 F.Supp. 161 (S.D.Texas 1962).

*Hood v. Prime Time Rentals, Inc*., No. 01A01-9807-CH-352,1999 WL 174138 (Tenn. Ct. App. 1999)(no perm. app. filed).

The reference in *Hood* to filing a "petition" is now to filing "notice of removal," reflecting the changes to 28 U.S.C. § 1446 enacted in 1988, when the prior section (d) was deleted and then-section (e) was renamed section (d). In this rewriting of the statute, the requirement that a copy of the removal petition be filed with the clerk of the state court was changed by Congress to the above-quoted wording in 1446(d) that "written notice" of the removal must be filed with the clerk of the State court to effectuate removal to federal jurisdiction. *See, Blake v. Abbott Laboratories, Inc*., 894 F.Supp. 327, 330 (E.D. Tenn. 1995)(discussing that the federal courts have a duty to "guard against" hearing cases over which removal jurisdiction is improperly invoked).

Although the *Blake* Court did not address the issue directly, other federal courts have said that it is the filing of the written notice with the clerk of the State court that effects removal of the State court's jurisdiction over the lawsuit.

Although we have never addressed this issue (perhaps we never had occasion to do so because the statute was clear to litigants), we think that the removal statute leaves little room for creative interpretation. The only rule that logically follows from 28 U.S.C. § 1446(d) is that removal is effected when the notice of removal is filed with the state court and at no other time.

*Anthony v. Runyon*, 76 F.3d 210, 214 (8th Cir. 1996).

Defendant did not file notice of removal with the clerk of the Trial Court until May 11, 1999, when he filed his Motion for New Trial. The notice is in the form of a letter addressed to the clerk of the U.S. District Court for the Eastern District of Tennessee, bearing the date of December 16, 1998, and references a removal petition and various other materials purportedly filed with the federal court. Although the copy list at the bottom of the letter lists "Clerk, Metropolitan General Sessions Court," the letter does not appear to have been filed with the Trial Court until after final judgment was entered against Defendant. Removal is not available to an unsuccessful state-court litigant. *See, Bolivar Sand Company, Inc., v. Allied Equipment, Inc*., 631 F.Supp. 171, 173 (W.D. Tenn.

1986)(where notice of removal was not proper after motions for directed verdict and mistrial were denied by the State court). Defendant did not timely comply with the notice requirements of 28 U.S.C. § 1446(d). Therefore, the Trial Court never lost jurisdiction over this lawsuit. The judgment of the Trial Court as to this issue is affirmed.

Defendant's issue alleging error in the action of the Trial Court in denying his motion to vacate default judgment is not properly on appeal, and is not addressed in this Opinion. There appears in the record of the Trial Court no motion to vacate default judgment, and the only motions that could be construed as remotely related to the argument found in Defendant's brief concern the legal rights of Muriel J. Polk. As noted above, only the rights of Manfred Polk as a *pro se* appellant are considered in this appeal.

Defendant does not identify the basis for his assertion of error in the Trial Court's denial of his motion for new trial. Reviewing Defendant's motion in the record of the Trial Court, Defendant states no basis for new trial, and attached an affidavit with attachments that also fails to state any basis for new trial. As Defendant presented no basis upon which the Trial Court could have granted his motion, there can be no error in denying his motion. The actions of the Trial Court as to this issue are affirmed.

## CONCLUSION

The judgment of the Trial Court is affirmed, and this matter remanded to the Davidson County Circuit Court for further proceedings as may be required, if any, consistent with this Opinion, and for collection of costs below. Costs of this appeal are taxed to the Appellant, Manfred Polk.