IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 19, 2004

## JOHN McVOY v. MARY ANN PARKS

**Appeal from the Chancery Court for Sumner County**
**No. 2003D-222     Tom E. Gray, Chancellor**

---

**No. M2003-01841-COA-R3-CV - Filed May 27, 2004**

---

This appeal involves an order of protection. After several public confrontations with his former girlfriend, the petitioner sought an order of protection from the Chancery Court for Sumner County. The trial court granted the order of protection, and the former girlfriend appealed to this court. Because the evidence does not preponderate against the trial court's decision, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM C. KOCH, JR., P.J., M.S., WILLIAM B. CAIN, J., and PATRICIA J. COTTRELL, J., delivered the opinion of the court.

Michael A. Colavecchio, Nashville, Tennessee, for the appellant, Mary Ann Parks.

Randall J. Spivey, Nashville, Tennessee, for the appellee, John McVoy.

**MEMORANDUM OPINION**[1]

**I**.

John McVoy and Mary Ann Parks had been romantically involved for a year and a half when their relationship ended in February of 2003. Following the breakup, both parties continued to frequent the Anchor High Marina. Mr. McVoy is a member of the marina and docks his cabin

---

[1]Tenn. Ct. App. R. 10 provides:

The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

cruiser in a marina slip. Ms. Parks is not a member, but she patronizes the marina's grill which is open to the public. She has also been invited to the private dock area by friends who are members. This situation inevitably led to conflict, and the parties had several confrontations both at the marina's grill and near Mr. McVoy's slip.

On May 28, 2003, Mr. McVoy filed a petition for an order of protection asserting that Ms. Parks was stalking him, that she had told him that she could not be responsible for what happened next, and that she carried a pistol. The petition cited two incidents which occurred at the marina. First, Mr. McVoy alleged that on May 3, 2003, Ms. Parks was pacing up and down the dock in front of his empty slip for over two hours and that he was afraid to return to the dock. Second, Mr. McVoy alleged that on May 4, 2003, Ms. Parks approached him at the marina's grill and began yelling at him. The trial court entered an ex parte order of protection on the same day.

During the hearing on June 23, 2003, the parties presented conflicting evidence concerning the confrontations at the marina and the statements made by Ms. Parks. Mr. McVoy testified that Ms. Parks stated that he "had filled her full of evil and that she's not responsible for what happens to [him] next." Ms. Parks admitted making statements to the effect that Mr. McVoy "filled her full of evil" and that she was "not responsible for what happened," but disputed Mr. McVoy's interpretation of those statements. A friend of Mr. McVoy, Bill Kimberlin, testified that Ms. Parks declared she would never leave Mr. McVoy alone. Mr. McVoy testified that he avoids returning his boat to his slip when he has been warned Ms. Parks is at the dock. Another boat owner testified to seeing Ms. Parks pacing alone in front of Mr. McVoy's empty slip. Ms. Parks claims she was on the dock for only a few minutes waiting for a friend.

The trial court granted Mr. McVoy an order of protection for a period of 365 days and enjoined Ms. Parks from coming around Mr. McVoy at any time for any purpose. The trial court did not, however, prohibit Ms. Parks from going to the Anchor High Marina Grill or from visiting friends on the dock.

**II**.

Ms. Parks first asserts that Mr. McVoy failed to prove that he was subjected to, threatened with or placed in fear of domestic abuse. A petitioner seeking an order of protection must establish domestic abuse by a preponderance of the evidence. Tenn. Code Ann. § 36-3-605(b); *Collins v. Pharris*, No. M1999-00588-COA-R3-CV, 2001 WL 219652, at 5 (Tenn. Ct. App. March 7, 2001) (No Tenn. R. App. P. 11 application filed). Tenn. Code Ann. § 36-3-601(1) (Supp. 2003) defines domestic abuse as "inflicting or attempting to inflict physical injury on an adult or minor by other than accidental means, placing an adult or minor in fear of physical harm, physical restraint, or malicious damage to the personal property of the abused party."

The trial court found by a preponderance of the evidence that Mr. McVoy had proven his case and was entitled to an order of protection. We review the trial court's findings de novo but with a presumption that they are correct. Tenn. R. App. P. 13(d); *Fell v. Rambo*, 36 S.W.3d 837, 846 (Tenn. Ct. App. 2000). We will reverse the trial court's findings only if we conclude, based on our own independent review of the record, that the evidence preponderates against them. *In re Estate of*

*Walton*, 950 S.W.2d 956, 959-60 (Tenn. 1997); *B & G Constr., Inc. v. Polk*, 37 S.W.3d 462, 465 (Tenn. Ct. App. 2000). We will also accord great weight to findings that are based on a trial court's determination of the witnesses' credibility because it was the trial court, not this court, who observed the witnesses and had an opportunity to assess their credibility. *In re Estate of Walton*, 950 S.W.2d at 959; *Fell v. Rambo*, 36 S.W.3d at 846. After conducting an independent review of the evidence and giving proper deference to the trial court on questions of credibility, we cannot conclude that the evidence preponderates against the action of the trial court.

### III.

Ms. Parks also asserts that Mr. McVoy failed to establish venue. Venue for a petition for an order of protection lies in the county where the respondent resides or the county in which the domestic abuse occurred. Tenn. Code Ann. § 36-3-602(c) (Supp. 2003). Ms. Parks never raised the issue of venue in the trial court. Moreover, the record establishes that some if not all of Ms. Parks's actions relied on by the trial court occurred in Sumner County. Accordingly, the proceeding was properly brought in Sumner County pursuant to Tenn. Code Ann. § 36-3-602(c).

### IV.

We affirm the order of protection and remand the case to the trial court for such further proceedings as may be necessary. We also tax the costs of the appeal to Mary Ann Parks for which execution, if necessary, may issue.

PER CURIAM