IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 17, 2006 Session

## ANITA WADHWANI v. PETER WHITE

**Appeal from the Circuit Court for Davidson County**
**No. 03D-2338     Muriel Robinson, Judge**

**No. M2005-02655-COA-R3-CV - Filed on January 3, 2007**

A former spouse challenges the extension and modification of an Order of Protection, contending the proof was insufficient to justify either the extension or modification. Finding the record contains sufficient evidence from which the trial court could determine an extension and modification of the Order was necessary, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and WILLIAM B. CAIN, J., joined.

Cynthia C. Chappell, Nashville, Tennessee, for the appellant, Peter White.

Cynthia M. Odle, Nashville, Tennessee, for the appellee, Anita Wadhwani.

### OPINION

This is a post-divorce dispute between Peter White and Anita Wadhwani, the divorced parents of two minor children. Following a series of pre-divorce confrontations, one assault, and allegations by Ms. Wadhwani that she was in fear of Mr. White, the parties negotiated and entered into the Agreed Order of Protection on March 10, 2005, when the Final Decree of Divorce was entered.

The Agreed Order of Protection, which was negotiated through counsel for each spouse, contained many handwritten provisions that, unlike most orders of protection, contained numerous exceptions to the standard form order that prohibited contact between the parties.[1] The handwritten provisions permitted contact during the course of their respective employments and permitted Mr.

---

[1] The Agreed Order of Protection did not contain a statement of the specific facts that gave rise to the necessity of the Order and, since it was an agreed order, no evidence was presented prior to the entry of the Agreed Order.

White to come to Ms. Wadhwani's residence for various reasons, usually involving the parties' two small children.

Unlike most orders of protection, and unfortunately for the parties, the unorthodox Order of Protection at issue permitted Mr. White to have contact with Ms. Wadhwani at her residence. The Agreed Order of Protection stated in pertinent part:

> That the respondent shall not commit domestic abuse or threaten to commit domestic abuse against the petitioner or the petitioner's minor child(ren); or use or threaten physical force that would reasonably be expected to cause bodily injury;
> . . . .

> The respondent is hereby ordered to refrain from telephoning, contacting, or otherwise communicating with the petitioner directly or indirectly, or coming about petitioner or petitioner's residence or place of employment for any purpose, **except in connection with the parties' children or the sale of the marital residence. In addition, they may be in the same location in connection with a legitimate business purpose or in connection with children's activities.** (The handwritten portion of the Agreed Order is in bold type).

> Respondent shall have visitation with the parties' minor children at the following times: **reasonable and liberal pursuant to the parenting plan approved by the 4th Circuit Court of Davidson County on 3/10/2005.** (The handwritten portion of the Agreed Order is in bold type).
> . . . .

Three months later, on June 17, 2005, Ms. Wadhwani filed an affidavit in General Sessions Court alleging violations of the Order of Protection on April 2, 2005, and April 22, 2005. As a result, the State of Tennessee pursued criminal charges against Mr. White pursuant to Tenn. Code Ann. § 36-3-611 for "Criminal Contempt - Violation of Order of Protection." Following a bench trial, Mr. White was found guilty of criminal contempt for violation of the Order of Protection, and was sentenced to ten days in jail.[2]

In the interim, on August 25, 2005, Ms. Wadhwani filed the Motion to Extend the Agreed Order that is at issue. In the Motion she alleged that Mr. White had violated the Order of Protection and that she "continues to fear for her safety." Ms. Wadhwani accused Mr. White of violating the Order of Protection on three occasions between March 10, 2005 and May 29, 2005. Mr. White objected to the extension of the Order, contending it was not necessary.

---

[2]The General Sessions case of *State of Tennessee v. Peter White*, case number GS-222805, was filed on June 18, 2005. The Court conducted a bench trial on October 17, 2005. His ten day sentence for criminal contempt - violation of the Order of Protection was suspended.

Ms. Wadhwani and Mr. White testified at the hearing.[3] After hearing from both parties and their counsel, the trial court extended and modified the Order of Protection. The Order of Protection was extended for one additional year, from October 27, 2005[4] through October 27, 2006. The trial court also modified the Order by removing the numerous provisions permitting interaction between the parties, specifically the former handwritten provisions that permitted Mr. White to go to Ms. Wadhwani's residence.

Mr. White appeals, contending there is no evidence of an immediate and present danger of abuse to the petitioner as required by Tenn. Code Ann. § 36-3-605(a), and no evidence of recent attempts to inflict physical injury sufficient to place the petitioner in fear of physical harm, physical restraint, or malicious damage to the personal property as required by Tenn. Code Ann. § 36-3-601(1).

## STANDARD OF REVIEW

The standard of review of a trial court's findings of fact is *de novo* and we presume that the findings of fact are correct unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Rawlings v. John Hancock Mut. Life Ins. Co.*, 78 S.W.3d 291, 296 (Tenn. Ct. App. 2001). For the evidence to preponderate against a trial court's finding of fact, it must support another finding of fact with greater convincing effect. *Walker v. Sidney Gilreath & Assocs.*, 40 S.W.3d 66, 71 (Tenn. Ct. App. 2000); *The Realty Shop, Inc. v. R.R. Westminster Holding, Inc.*, 7 S.W.3d 581, 596 (Tenn. Ct. App. 1999). Where the trial court does not make findings of fact, there is no presumption of correctness and we "must conduct our own independent review of the record to determine where the preponderance of the evidence lies." *Brooks v. Brooks*, 992 S.W.2d 403, 405 (Tenn. 1999). We also give great weight to a trial court's determinations of credibility of witnesses. *Estate of Walton v. Young*, 950 S.W.2d 956, 959 (Tenn. 1997); *B & G Constr., Inc. v. Polk*, 37 S.W.3d 462, 465 (Tenn. Ct. App. 2000). Issues of law are reviewed *de novo* with no presumption of correctness. *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

## ANALYSIS

The legislative purpose and intent for orders of protection is "to recognize the seriousness of domestic abuse as a crime and to assure that the law provides a victim of domestic abuse with enhanced protection from domestic abuse." Tenn. Code Ann. § 36-3-618. Persons who may seek relief from "abuse" include: "Any victim who has been subjected to, threatened with, or placed in

---

[3] At the hearing on the Motion, Ms. Wadhwani also attempted to introduce evidence of conflict between the spouses prior to the divorce, prior to the Order of Protection going into effect, but the trial court rejected that evidence stating, Ms. Wadhwani "just can't pick up something that was in the past and fast forward it because it is not a fresh complaint."

[4] The original Order of Protection was set to expire on September 10, 2005, and the parties entered an Agreed Order extending the expiration date to October 24, 2005. At the October 24 hearing, Mr. White again requested a continuance, which was granted and is how the expiration date came to be October 27, 2005.

fear of, domestic abuse, stalking, or sexual assault. . ." Tenn. Code Ann. § 36-3-602(a). The statutory definition of "abuse" includes "inflicting, or attempting to inflict, physical injury on an adult . . . by other than accidental means, placing an adult . . . in fear of physical harm, . . ." Tenn. Code Ann. § 36-3-601(1).

An order of protection may direct the respondent to "refrain from committing domestic abuse, stalking or sexual assault or threatening to commit domestic abuse, stalking or sexual assault against the petitioner or the petitioner's minor children." Tenn. Code Ann. § 36-3-606. The order may also prohibit the respondent from "telephoning, contacting, or otherwise communicating with the petitioner, directly or indirectly . . . and stalking the petitioner. . . ." Tenn. Code Ann. § 36-3-606.

The period of time of the initial order of protection shall not exceed one year. Tenn. Code Ann. § 36-3-605(b). The trial court may modify its order of protection at any time upon motion filed by either party together with an affidavit showing a change in circumstances sufficient to warrant the modification. Tenn. Code Ann. § 36-3-608(b). While the order of protection is in effect, any court of competent jurisdiction may modify the order of protection upon proper notice to the respondent. Tenn. Code Ann. § 36-3-605(d). If, following a hearing, the respondent is found to be in violation of the order of protection, the court may extend the order of protection up to five (5) years.[5] Tenn. Code Ann. § 36-3-605(d).

A party seeking entry of an *ex parte* order of protection has a significant burden of proof; he or she must demonstrate "[a]n immediate and present danger of abuse to the petitioner." Tenn. Code Ann. § 36-3-605(a). Mr. White contends Ms. Wadhwani had to carry that burden of proof, to prove an immediate and present danger of abuse to obtain an extension or modification of the order. We, however, find his contention is without merit.

A party seeking a modification or extension of an existing order of protection, which is the case here, has a less onerous burden of proof than that suggested by Mr. White. The party seeking a modification or extension only needs to prove "the allegation of domestic abuse, stalking or sexual assault by a preponderance of the evidence." *See* Tenn. Code Ann. § 36-3-605(b); *see also Collins v. Pharris*, No. M1999-00588-COA-R3-CV, 2001 WL 219652, at * 4 (Tenn. Ct. App. March 7, 2001).

To obtain the modification or extension of the Order of Protection at issue, Ms. Wadhwani had the burden of proving by a preponderance of the evidence, the allegation of domestic abuse, the definition of which includes placing an adult in fear of physical harm. *Collins*, 2001 WL 219652, at * 5 (citing Tenn. Code Ann. § 36-3-601(1)(Supp. 2000)). The record reveals three instances where Mr. White violated the existing Order of Protection by coming to Ms. Wadhwani's residence

---

[5]"If the respondent is found to be in violation of the order, the court may extend the order or protection up to five (5) years. If the respondent is found to be in a second or subsequent violation of the order, the court may extend the order of protection up to ten (10) years." Tenn. Code Ann. § 36-3-605(d) (2006).

uninvited and unannounced. The record also reveals one instance where Mr. White was found in criminal contempt for violating the Order of Protection.[6]

Ms. Wadhwani testified during the hearing that she found Mr. White's uninvited and unannounced presence at her residence threatening. She made specific reference to the three instances at issue and additionally provided proof of Mr. White being found in criminal contempt for violating the Order of Protection. Considering the totality of the circumstances, including Mr. White's willful disobedience of orders of the court, we are unable to conclude that the evidence preponderates against the trial court's findings.

As an additional issue, Mr. White contends Ms. Wadhwani failed to attach an affidavit to her motion, as required by Tenn. Code Ann. § 36-3-608(b); therefore, the trial court erred by modifying the Order of Protection. Tenn. Code Ann. § 36-3-608(b) permits a court to modify an existing order of protection "upon subsequent motion by either party together with an affidavit showing a change in circumstances." A more recent statute, however, Tenn. Code Ann. § 36-3-605(d) (2006), permits any court of competent jurisdiction to modify an order of protection within the time the order of protection is in effect if the respondent is found to be in violation of the order, and § 36-3-605(d) does not require an affidavit.[7]

Although a party seeking to modify an order of protection pursuant to Tenn. Code Ann. § 36-3-608(b) is to attach an affidavit to the motion, we find that deficiency did not constitute reversible error due to the peculiar facts of this case. One of the significant facts is that Ms. Wadhwani filed an affidavit concerning the same alleged violations in the related General Sessions case of *State of Tennessee v. Peter White*, case number GS-222805. The affidavit and the criminal action were filed on June 18, 2005, and the trial of that matter was conducted on October 17, 2005, a mere ten days prior to the hearing at issue here. Thus, Ms. Wadhwani had served Mr. White with an affidavit that set forth the facts and issues to be tried in this matter. Accordingly, there was no ambush or surprise.[8] Moreover, Ms. Wadhwani testified at the hearing, providing evidence of the facts already known to Mr. White from the affidavit in the criminal case. Furthermore, Tenn. Code Ann. § 36-3-605(d), which provided an alternate statutory procedure for obtaining a modification of the order, did not require an affidavit and Ms. Wadhwani proved that Mr. White had been found to be in willful violation of the Order of Protection by the General Sessions Court, which is sufficient under Tenn. Code Ann. § 36-3-605(d).

---

[6]On October 17, 2005, the General Session Court found that Mr. White willfully failed to comply with the court's order. To be found to have willfully failed to comply with the court's order, it was necessary to prove the fact beyond a reasonable doubt. *Black v. Blount*, 938 S.W.2d 394, 398 (Tenn. 1996). That burden is greater than required to extend or modify an existing order of protection.

[7]Subsection (d) of Tenn. Code Ann. § 36-3-605(d) was added to the statutory scheme effective July 1, 2006.

[8]Mr. White consented to the hearing knowing an affidavit was not attached to the motion in this matter. Moreover, while the criminal case was pending, Mr. White requested not one but two continuances, which were granted, continuing the hearing in this matter to a date subsequent to the General Sessions trial wherein he was convicted of violating the Order of Protection.

If the foregoing were not enough, we have also concluded that Mr. White's testimony is sufficient to prove the necessity to modify the Order of Protection. Mr. White testified that he frequently drove by Ms. Wadhwani's residence while the Order of Protection was in effect. As he explained, he did so "all of the time." Moreover, as he continued to dig his own grave, Mr. White stated that the Agreed Order of Protection was worded so that he "never knew when cooperating with the parenting plan [would] result in [him] getting arrested," yet in spite of his own concerns, he went by and to her residence uninvited on several occasions in violation of the Order of Protection.

Although Mr. White objects to the modification, the trial court modified the order in a manner that benefitted both parties, by providing that Mr. White may not come about Ms. Wadhwani's "premise whatsoever at any time for any reason." The modification is more than adequate to clear up the previous uncertainty that concerned Mr. White.

## In Conclusion

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Appellant, Peter White.

_____
FRANK G. CLEMENT, JR., JUDGE

-6-