# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
April 12, 2007 Session

## SMITH COUNTY, TENNESSEE, ET AL. v. DAVE ENOCH

**Appeal from the Chancery Court for Smith County**
**No. 6158      C. K. Smith, Chancellor**

---

**No. M2006-01007-COA-R3-CV - Filed on July 6, 2007**

---

The operator of an automobile junkyard in Smith County appeals the permanent injunction issued against him by the Chancery Court enjoining him from maintaining an excessive number of inoperable vehicles within one thousand feet of a county road in violation of the Smith County Junkyard Control Act, Chapter 97 of the Private Acts of 1987. The junkyard operator contends the evidence was insufficient to support the findings and conclusions of the trial court. Finding the evidence more than sufficient, primarily due to admissions by the operator of the junkyard, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and WILLIAM B. CAIN, J., joined.

Marcy E. Adcock, McMinnville, Tennessee, and James B. Dance, Carthage, Tennessee, for the appellant, Dave Enoch.

Jack O. Bellar, Carthage, Tennessee, for the appellees, Smith County, Tennessee, and Smith County Highway Department.

## MEMORANDUM OPINION[1]

Smith County and the Smith County Highway Department (hereinafter collectively the "County") filed a Complaint for Temporary and Permanent Injunction against Dave Enoch in 1997 seeking to enjoin him from maintaining an automobile junkyard and automobile graveyard within

---

[1]Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

one thousand (1,000) feet of a county road in violation of the Smith County Junkyard Control Act, Chapter 97 of the Private Acts of 1987 (the "Act").[2]  In principal part, the County relied on Section 4 of the Act which provides, "No person shall establish, operate, or maintain a junkyard, any portion of which is within one thousand feet (1,000') of the nearest edge of the right-of-way of any county road designated by the county road department, . . ."  The definition of "junkyard" applies to an establishment keeping five (5) or more inoperable vehicles.[3]  Enoch filed an Answer to the Complaint in which he admitted that he owned the three parcels of land that are the subject of the Complaint; however, he denied violating the Act.

The matter was first tried before the Chancellor on June 4, 1998, at the conclusion of which the Chancellor held the Act was unconstitutionally vague and the County did not have standing to enforce the Private Acts, from which adverse rulings the County appealed.

In the first appeal, this Court concluded that the Act was not facially unconstitutional and that the County had standing. *See Smith County v. Enoch*, No. M1999-00063-COA-R3-CV, 2003 WL 535914 (Tenn. Ct. App. Feb. 26, 2003).  Accordingly, the judgment of the Chancery Court in the first appeal was reversed and remanded for further proceedings.

On remand, the sole issue before the Chancery Court was whether Enoch violated the Act by maintaining an impermissible number of inoperable automobiles within the prohibited distance from a county road.  During the second trial of this matter, which hearing was conducted on February 6, 2006, the County introduced previous testimony and admissions made by Enoch during and prior to the first trial in 1998, wherein Enoch admitted that ten or more disabled vehicles were located on his property within one thousand (1,000) feet of Walter Morris Road, a county road.[4] Little other evidence was introduced at the second trial, as the County presented no other evidence of Enoch's violations, and Enoch did not introduce evidence to contradict his prior admission.

Following the second trial, the Chancellor found that the County had proved its case by a preponderance of the evidence and granted the relief sought in the complaint, specifically a permanent injunction against Enoch based on his violation of the Act and the nuisance stemming therefrom.  This appeal followed.

---

[2]Act of May 5, 1987, Ch. 97, 1987 Tenn. Priv. Acts 192.

[3]The definition of "junkyard" does not specifically mention a specific number of vehicles; however the term encompasses an "automobile graveyard," which is defined, *inter alia*, as the presence of five or more inoperable vehicles.

[4]It is undisputed that Walter Morris Road is a county road in Smith County.

Enoch contends that the County failed to introduce sufficient evidence at the second trial, on February 6, 2006, to support the findings of fact and conclusions made by the Chancellor.[5]  We affirm.

The standard of review of a trial court's findings of fact is *de novo* and we presume that the findings of fact are correct unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Rawlings v. John Hancock Mut. Life Ins. Co.*, 78 S.W.3d 291, 296 (Tenn. Ct. App. 2001). For the evidence to preponderate against a trial court's finding of fact, it must support another finding of fact with greater convincing effect.  *Walker v. Sidney Gilreath & Assocs.*, 40 S.W.3d 66, 71 (Tenn. Ct. App. 2000); *The Realty Shop, Inc. v. R.R. Westminster Holding, Inc.*, 7 S.W.3d 581, 596 (Tenn. Ct. App. 1999).  Where the trial court does not make findings of fact, there is no presumption of correctness and we "must conduct our own independent review of the record to determine where the preponderance of the evidence lies." *Brooks v. Brooks*, 992 S.W.2d 403, 405 (Tenn. 1999).  We also give great weight to a trial court's determinations of credibility of witnesses. *Estate of Walton v. Young*, 950 S.W.2d 956, 959 (Tenn. 1997); *B & G Constr., Inc. v. Polk*, 37 S.W.3d 462, 465 (Tenn. Ct. App. 2000).  Issues of law are reviewed *de novo* with no presumption of correctness. *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).  Mixed questions of law and fact are subject to a different standard of review. *Bubis v. Blackman*, 435 S.W.2d 492, 498 (Tenn. Ct. App. 1968).

On February 6, 2006, the Chancery Court held a hearing on the issue of whether Enoch was in violation of the Act with regard to his ownership of land containing improperly stored inoperable vehicles.  The County introduced into evidence Enoch's 1998 statements concerning his property located on Walter Morris Road.  The transcript of the June 4, 1998 exchange is as follows:

MR. DANCE: Let's put in the record, do you agree you have got more than five inoperable vehicles 1,000 feet of a county road?

MR. ENOCH: Yes, sir.

THE COURT: You have even got more than 10 inoperable vehicles within 1,000 feet of a country road?

MR. ENOCH: Yes, sir.

The County introduced no additional evidence and Enoch did not introduce any evidence to impeach or contradict the admission.  Accordingly, Enoch's ownership and maintenance of an automobile junkyard with more than 10 inoperable vehicles located within 1,000 feet of a country road is undisputed.

---

[5]Enoch also contends: (1) he should have been afforded a full hearing and an opportunity to assert defenses to injunctive relief related to other properties not addressed in the hearing held on February 6, 2006; and (2) the Chancellor failed to find the facts specially and to state separately its conclusions of law prior to entering the judgment.

Section 4 of the Smith County Junkyard Control Act provides, "No person shall establish, operate, or maintain a junkyard, any portion of which is within one thousand feet (1,000') of the nearest edge of the right-of-way of any county road designated by the county road department, . . ." The definition of "junkyard" in the Act applies to an establishment keeping five (5) or more inoperable vehicles. Based on the 1998 admissions by Enoch and the lack of contradictory evidence, the Chancellor held:

> The Defendant previously admitted that the condition of his properties violated the Private Acts and other applicable laws governing the operation of automobile junkyards within specific distances of county and state roads. Defendant admitted his ownership and operation of the junkyard and the violation of the Private Acts because he had more than ten (10) junked automobiles within one thousand (1,000) feet of a county road.

Based on these findings, the Chancellor granted Smith County the relief it sought by ordering that:

> Smith County, Tennessee and the Smith County Highway Department are granted a permanent injunction against the defendant for any future violation of the Private Acts. . . . Defendant, Dave Enoch, is hereby permanently enjoined and prohibited from establishing, operating or maintaining a junkyard, any portion of which is within one thousand (1,000) feet of nearest edge of the right-of-way of any county road.

> Smith County, Tennessee, and the Smith County Highway Department are granted a permanent injunction against the defendant to abate the nuisance stemming from the violation of the Private Acts. . . . Pursuant to said Private Acts, the county attorney and Smith County Sheriff's Department are authorized to assist the road commissioner in the enforcement of the Private Acts or any other applicable law.

The evidence, which is uncontradicted, fully supports the Chancellor's findings and conclusions that "Defendant by his own admission is in violation of the 1987 Private Acts, Chapters 95 and 97 . . . governing the operation of automobile junkyards." Having found Enoch to be in violation of the Act, whether the violation pertains to one, two or three of the parcels of land he owned and upon which he operated the junkyards, the Chancellor was authorized to enjoin future violations of the Act. "A court may enjoin violations of a statute where one violation has been found, if it appears that future violations bear some resemblance to the past violation or that a danger of violations in the future is to be anticipated from a course of conduct in the past." 43A C.J.S. *Injunctions* § 37 (2007); see *N.L.R.B. v. Express Pub. Co.*, 312 U.S. 426, 436 (U.S. 1941) (holding the breadth of an injunction depends upon "the circumstances of each case, the purpose being to prevent violations, the threat of which in the future is indicated because of their similarity or relation to those unlawful acts. . . .").

As for the other issues raised, we find them to be without merit for which our analysis is unnecessary.

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Appellant, David Enoch.

_____
FRANK G. CLEMENT, JR., JUDGE