IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 9, 2007 Session

## TONYA L. MERRICK v. METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY

**Appeal from the Circuit Court for Davidson County**
**No. 03C-782      Walter Kurtz, Judge**

**No. M2006-01169-COA-R3-CV - Filed on August 9, 2007**

FRANK G. CLEMENT, JR., J., dissenting.

I respectfully dissent from the majority opinion, being of the opinion the judgment of the trial court should be affirmed.

The conclusion reached by the majority is dependent upon the inconsistent, indeed, contradictory evidence pertaining to Danny Ferrell, the key witness for the Metropolitan Government. As the majority correctly notes, it was impossible for Mr. Ferrell to have witnessed the accident which occurred prior to 3:00 p.m., which was miles from his employment, if he did not leave his employment until 4:00 p.m., as the time records state, or 3:45 p.m. as he testified. Accordingly, Mr. Ferrell either left work at least an hour earlier than he testified or he did not witness the accident, which he insists he did.

The majority views the contradiction in the evidence as making it impossible for Mr. Ferrell to have been an eyewitness to the accident, and upon that conclusion the majority disregards his eyewitness testimony in its entirety. The trial court, however, did not view the evidence that way and neither do I. Instead, I find the resolution of the issue, being the contradiction in the evidence, as being dependent on a determination of the credibility of Mr. Ferrell, which is peculiarly in the province of the finder of fact, the trial judge.

Mr. Ferrell testified in great detail concerning what he observed as the accident unfolded. As he described it:

> The bus was sitting there with a stop sign. It had just turned off Flora Maxwell and turned on Hopedale. It would be facing Hopedale and coming toward where, you know, I was walking. I was walking south toward Hopedale, it's where I was walking toward; and like I said, she starting sliding on the side of Hopedale and Hummer, and slid past me and slid into my neighbor's van.

Mr. Ferrell went on to state that he heard the sound of "a squealing tire," and that it was the squealing tires resulting from the plaintiff locking her brakes down that startled him. He went on to explain that the other significant sound he heard was "her slamming into the back of that van."

In closing argument at trial, counsel for the plaintiff engaged in a dialogue with the trial judge arguing vigorously that Mr. Ferrell could not have seen the accident. In response to counsel's argument, the trial court stated "Are you really asking me to conclude that Mr. Ferrell is just an outright perjurer, that he's walked in here, and he's made this thing up out of whole cloth?" As plaintiff's counsel continued to contend that Mr. Ferrell was not testifying honestly, the court inquired as to the motive, to which plaintiff's counsel indicated that he had no idea what the motive might be.

After the trial court and plaintiff's counsel debated the obvious contradiction in the time frame and Mr. Ferrell's testimony, the court stated that it thought Mr. Ferrell was simply confused. As the court explained:

> I realize there's a conflict with the time sheet, but . . . do I find him just an out-and-out perjurer based upon inconsistencies with his time sheet that took place three years ago or was recorded three years ago? I don't think I can find that.

The foregoing tells us the trial court found Mr. Ferrell to be a credible witness as it pertained to his observations and recollections of the accident and that he was confused about the time he left work.[1] A credibility determination is peculiarly within the sound discretion of the trial court, and the appellate court is to give great weight to a trial court's determinations of credibility of witnesses. *Estate of Walton v. Young*, 950 S.W.2d 956, 959 (Tenn. 1997); *B & G Constr., Inc. v. Polk*, 37 S.W.3d 462, 465 (Tenn. Ct. App. 2000). I therefore submit we must defer to the trial court's discretion as to the credibility of Mr. Ferrell, which is the determining factor in this case, and thus I would affirm the trial court.

_____
FRANK G. CLEMENT, JR., JUDGE

---

[1] Why the time record states that he left work at 4:00 p.m. is not explained by the record.