IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 6, 2018 Session

## KEN SMITH AUTO PARTS v. MICHAEL F. THOMAS

**Appeal from the Circuit Court for Hamilton County**
**No. 17C720      Ward Jeffrey Hollingsworth, Judge**

_____

### No. E2018-00928-COA-R3-CV

_____

This appeal concerns whether a circuit court has jurisdiction to consider a post-trial motion once it dismisses an appeal by a defendant from general sessions court for failure to appear. Ken Smith Auto Parts ("Plaintiff") brought an action against Michael F. Thomas ("Defendant") in the Hamilton County General Sessions Court ("the General Sessions Court") and prevailed. Defendant appealed to the Circuit Court for Hamilton County ("the Circuit Court"). Defendant missed trial. The Circuit Court entered an order dismissing his appeal and remanding the case to the General Sessions Court for execution of judgment. Defendant filed a motion pursuant to Tenn. R. Civ. P. 59 and 60 seeking relief on the basis that he missed trial because of a traffic jam. The Circuit Court granted Defendant's motion and vacated the order of dismissal. However, the Circuit Court later concluded that it lost jurisdiction when it dismissed Defendant's appeal and that its subsequent order was null. Defendant appeals to this Court. We hold that the Circuit Court's order of dismissal was subject to post-trial motion via the Tennessee Rules of Civil Procedure, and the Circuit Court retained jurisdiction to consider it. We hold further that the Circuit Court properly exercised its discretion to grant Defendant's motion. We affirm, in part, and reverse, in part, the judgment of the Circuit Court, and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed, in Part, and Reversed, in Part; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which JOHN W. MCCLARTY, J., and NORMA MCGEE OGLE, SP. J., joined.

Raymond E. Lacy and Michael R. Franz, Knoxville, Tennessee, for the appellant, Michael F. Thomas.

Gary E. Lester and Justin H. Layne, Chattanooga, Tennessee, for the appellee, Ken Smith Auto Parts.

# OPINION

## Background

In 2017, Plaintiff brought an action against Defendant in the General Sessions Court. The merits of the case, which are not particularly relevant to the issues raised on appeal, involve a dispute over debt on auto parts. Plaintiff prevailed in the General Sessions Court. Defendant timely appealed to the Circuit Court. Trial was slated for October 17, 2017. Defendant, who was acting pro se at the time, was not present at trial. The Circuit Court entered an order dismissing Defendant's appeal. Defendant later retained counsel and filed his motion to Set Aside, Alter or Amend Order pursuant to Tenn. R. Civ. P. 59 and 60. Defendant sought relief on the basis that he missed trial because of a traffic jam. The Circuit Court granted Defendant's motion in a December 7, 2017 order, and the case proceeded.

Both parties filed motions for summary judgment. In its response to Defendant's motion for summary judgment, Plaintiff argued that the Circuit Court lost jurisdiction over the case when it dismissed Defendant's appeal. The Circuit Court agreed with Plaintiff. In April 2018, the Circuit Court entered its final judgment, stating as follows:

> This case started in Sessions Court in Hamilton County. That court issued a judgment in favor of the Plaintiff. The Defendant appealed. The case was set for trial in this court on October 17, 2017. The Defendant did not appear. This court entered an order dismissing the appeal and remanded the case to the Sessions Court for execution of its judgment.
>
> On November [15], 2017, the Defendant filed a Motion to set aside the order of October 17, 2017. That motion was based on inadvertence or excusable neglect. The Defendant testified that, on October 17, he was driving from Knoxville to Chattanooga for the trial. He got caught behind a wreck and could not get to Chattanooga on time. He did not call the Clerk until after the hearing took place and the judgment was entered. The court granted the motion and set aside the order of dismissal. That order was entered on December 7, 2017. In more recently filed pleadings, the Plaintiff raised the argument that when the October 17 order was entered, jurisdiction over this matter reverted back to the Sessions Court. Therefore, December 7 order was null and void. The Defendant argues that this court always has the power to correct one of its orders and, therefore, the order setting aside the October 17, 2017 order was valid.
>
> Under the reasoning of Cantrell vs T[o]lley, the Plaintiff's argument prevails. In Cantrell, Judge Stafford discusses the different procedures that can be followed when a defendant who has appealed a Sessions Court

judgment does not appear at the trial in Circuit Court. If the trial Circuit Court affirms the judgment, it can be executed by the Circuit Court. However, when, as in this case, the Circuit Court dismisses the appeal and remands it to the Sessions Court, jurisdiction reverts back to the Sessions Court for execution of its judgment. If this Court lacked jurisdiction, the order setting aside the October 17, 2017 order is null. It has no effect.

In Born Again Church vs Myler Church Bldg, 266 S.W.3d 421 (Tn. App. 2007), the Court faced a somewhat similar situation. A judgment by the trial court did not reach one of the attorneys promptly thought [sic] the mail. When the lawyer discovered it, he filed a notice of appeal and a Rule 60 motion with the trial court asking that the time to appeal be extended. The Court of Appeals found that the lawyer was in a "Catch-22" situation. The trial court could have, under some circumstances, extended the time to file a notice of appeal. However, because the lawyer filed the notice of appeal also, the trial court did not have jurisdiction to hear the Rule 60 motion. Jurisdiction was in the Court of Appeals. The notice of appeal was one day late. The appeal was dismissed. It is also noted that appellate courts are not allowed to act without jurisdiction. The appellate courts often find that an order being appealed is not a final judgment and, therefore, the appellate court lacks jurisdiction to hear the case.

When this Court entered the order of December 7, 2017, jurisdiction over the case had reverted to the Sessions Court. This Court was powerless to act and the order of December 7, 2017 is null.

Therefore, it is Ordered that all motions in this Court are dismissed because this Court does not have subject matter jurisdiction and therefore cannot decide them.

As noted in the October [1]7 order, court costs are assessed against the Defendant.

Defendant timely appealed to this Court.

## **Discussion**

Although not stated exactly as such, Defendant raises one issue on appeal: whether the Circuit Court erred in ruling that it lost jurisdiction over this case when it dismissed Defendant's appeal from the General Sessions Court. Plaintiff raises its own separate issue, which we restate as follows: whether the Circuit Court, even if it retained jurisdiction, had no choice but to deny Defendant's Motion to Set Aside, Alter or Amend Order and erred in granting it.

The initial, threshold issue of this appeal concerns subject matter jurisdiction. Whether subject matter jurisdiction exists is a question of law, and our review is *de novo* without a presumption of correctness of the trial court's decision. *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000). The other issue raises concerns whether the Circuit Court, even if it retained jurisdiction to hear the motion, erred in granting Defendant's Motion to Set Aside, Alter, or Amend Order, which was brought pursuant to Tenn. R. Civ. P. 59.04 and 60.02. We review a trial court's ruling on a Tenn. R. Civ. P. 59.04 motion to alter or amend a judgment using the abuse of discretion standard. *See Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003); *Linkous v. Lane*, 276 S.W.3d 917, 924 (Tenn. Ct. App. 2008). Likewise, we review a trial court's ruling on a Tenn. R. Civ. P. 60.02 motion for relief from a final judgment using the abuse of discretion standard. *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003). Thus, however one characterizes Defendant's motion, the standard of review is abuse of discretion. As discussed by our Supreme Court regarding the abuse of discretion standard:

> An abuse of discretion is found only when a trial court has " 'applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining.' " *State v. Stevens*, 78 S.W.3d 817, 832 (Tenn. 2002) (*quoting State v. Shuck*, 953 S.W.2d 662, 669 (Tenn. 1997)). The abuse of discretion standard does not permit an appellate court to merely substitute its judgment for that of the trial court. *See Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001).

*Henry*, 104 S.W.3d at 479.

We first address Defendant's issue of whether the Circuit Court erred in ruling that it lost jurisdiction over this case when it dismissed Defendant's appeal from the General Sessions Court. Defendant argues that the Tennessee Rules of Civil Procedure applied in the Circuit Court with all the attendant rights and remedies available, including the right to file a motion pursuant to Tenn. R. Civ. P. 59 and 60. Plaintiff, on the other hand, contends in its brief that "[h]ere, where the Defendant / Appellant did not appear and there was no specific affirmance or adoption of the lower court's judgment as the trial court's own, jurisdiction was lost upon the dismissal and remand back to general sessions."

Two key statutes are implicated on this issue. Tenn. Code Ann. § 27-5-106 provides:

> (a) If the clerk fails to return the papers within the time prescribed, but returns them during the term to which the same are returnable, and the appellant fails to appear and prosecute the appeal, if such appellant is the

original defendant, the plaintiff shall have judgment final, by default, for the amount of the judgment of the court of general sessions, against the appellant for the debt and the appellant and the appellant's sureties for the cost.

Tenn. Code Ann. § 27-5-106(a)(2017). Similarly, Tenn. Code Ann. § 27-5-107 provides: "If the papers are properly returned, and the appellant fails to appear or defend as above, or if the appeal is dismissed for any cause, the appellee is entitled to an affirmance of the judgment below, with costs." Tenn. Code Ann. § 27-5-107 (2017).

According to Plaintiff, a circuit court is divested of subject matter jurisdiction once it dismisses an appeal from general sessions court for failure to appear. Plaintiff cites heavily from, and the Circuit Court relied centrally upon, the case of *Cantrell v. Tolley*, No. W2010-02019-COA-R3-CV, 2011 WL 3556988 (Tenn. Ct. App. Aug. 11, 2011), *no appl. perm. appeal filed*. This Court discussed, as relevant:

> [A]n appellee may have his or her judgment in the circuit court. In that case, the circuit court's order should not only dismiss the appeal, but it should also affirm the judgment of the general sessions court. This distinction is subtle-if the circuit court's order merely dismisses the appeal and assesses costs, then the order constitutes an affirmance of the general sessions court's order in the sense that the order of dismissal functions as either a reviver of the general sessions order or as an automatic procedendo for execution in the general sessions court. The result is the same—the general sessions judgment is affirmed (thus satisfying the mandates of Tennessee Code Annotated Section 27-5-107, *supra*), but jurisdiction would return to the general sessions court upon dismissal of the appeal. However, if the circuit court specifically affirms the judgment of the general sessions court, as in the present case, then the judgment of the general sessions court becomes the judgment of the circuit court. In such a case, jurisdiction remains with the circuit court to execute its judgment.

*Cantrell*, 2011 WL 3556988, at *6 (internal citations omitted).

*Cantrell* is, in our view, inapposite. In *Cantrell*, the issue concerned where one enforces a judgment as between circuit court and general sessions court. We do not interpret *Cantrell* to mean that a circuit court lacks jurisdiction to consider a post-trial motion. After all, the Tennessee Rules of Civil Procedure apply "after appeal or transfer of a general sessions civil lawsuit to circuit court . . . ." Tenn. R. Civ. P. 1(2). In addition, "[c]onflicts between provisions of the Tennessee Rules of Civil Procedure and Tennessee statutes which cannot be harmonized are resolved in favor of the Rules of

Civil Procedure." *Pratcher v. Methodist Healthcare Hospitals*, 407 S.W.3d 727, 736 (Tenn. 2013) (citing Tenn. Code Ann. § 16-3-406). As this Court has stated:

> Cases that arrive in circuit court on de novo appeals from general sessions court stand on the same footing as cases that were filed originally in circuit court. *Pieny v. United Imports, Inc.*, 2005 WL 2140853, at *4-5; *B & G Constr., Inc. v. Polk*, 37 S.W.3d 462, 465 (Tenn. Ct. App. 2000). Because the Tennessee Rules of Civil Procedure governs all cases pending in circuit court, Tenn. R. Civ. P. 1, the parties in a case appealed from a general sessions court to a circuit court have all the procedural rights and remedies available to them that are available to parties in cases that were originally filed in circuit court. *See Ware v. Meharry Med. Coll.*, 898 S.W.2d 181, 185-86 (Tenn. 1995). Therefore, as a general matter, cases appealed from general sessions court should be treated no differently than cases originally filed in circuit court.

*Crom-Clark Trust v. McDowell*, No. M2005-01097-COA-R3-CV, 2006 WL 2737828, at *4 (Tenn. Ct. App. Sept. 25, 2006), *no appl. perm. appeal filed* (footnote omitted).

As explained above, the Tennessee Rules of Civil Procedure applied in the Circuit Court proceedings, and we find no exception to their application in the present case. The Circuit Court's October 17, 2017 order of dismissal itself was a judgment subject to a post-trial motion.

Defendant filed his motion pursuant to Tenn. R. Civ. P. 59.04 and 60.02. Our Supreme Court has discussed as follows regarding motions for relief from judgment:

> [I]t is clear that Rule 59 motions relate to final judgments—judgments adjudicating all the claims, rights, and liabilities of all the parties. *See Harris v. Chern*, 33 S.W.3d 741, 743-44 (Tenn. 2000) ("Rule 59.04 addresses final judgments and requires a motion to alter or amend to be made within 30 days of the entry of judgment."). "The purpose of Tenn. R. Civ. P. 59 motions is to prevent unnecessary appeals by providing the trial courts with an opportunity to correct errors *before a judgment becomes final*." *Bradley v. McLeod*, 984 S.W.2d 929, 933 (Tenn. Ct. App. 1998) (emphasis added), *overruled on other grounds by Harris*, 33 S.W.3d at 744. Thus, for thirty days after entry of a final judgment, motions for relief should be premised upon Rule 59.

*Discover Bank v. Morgan*, 363 S.W.3d 479, 489 (Tenn. 2012).

Defendant filed his motion 29 days after entry of the Circuit Court's order of dismissal. As the Tennessee Rules of Civil Procedure applied in the Circuit Court proceedings and Defendant timely filed an appropriate post-trial motion, the Circuit Court retained jurisdiction to rule on Defendant's motion. In conjunction, the Tennessee Rules of Appellate Procedure provide that "[t]he trial court retains jurisdiction over the case pending the court's ruling on any timely filed motion specified in subdivision (b) or (c) of this rule," which includes a Tenn. R. Civ. P. 59.04 motion such as that filed here. Tenn. R. App. P. 4(e). We, therefore, reverse the Circuit Court's April 2018 order wherein it concluded that it lost jurisdiction in the case when it entered its October 17, 2017 order of dismissal.

The next and final issue we address is Plaintiff's issue of whether the Circuit Court, even if it retained jurisdiction, had no choice but to deny Defendant's Motion to Set Aside, Alter or Amend Order and erred in granting it. According to Plaintiff, if the Circuit Court retained jurisdiction to hear Defendant's motion, which we conclude it did, the Circuit Court nevertheless lacked discretion to do anything other than grant judgment in favor of Plaintiff. In *Browning v. Browning*, No. E2017-02354-COA-R3-CV, 2018 WL 4057245 (Tenn. Ct. App. Aug. 27, 2018), *no appl. perm. appeal filed*, a case cited by Plaintiff, this Court discussed the implications of a defendant's failure to appear upon his or her appeal from general sessions court to the circuit court. We stated, in part:

> The circuit court in this case granted Ms. Browning a default judgment because Mr. Browning was not in the courtroom at 9:00 a.m., when the case was scheduled, and he failed to appear when the case was called seven minutes later . . . .
>
> ***
>
> In *Nix v. Sutton*, No. M2006-00960-COA-R3-CV, 2007 WL 1541331 (Tenn. Ct. App. May 25, 2007), the defendant appealed a decision from general sessions to circuit court, but he failed to appear on the day of the hearing in circuit court. *Nix*, 2007 WL 1541331, at *1. The circuit court dismissed the appeal and remanded the case to general sessions for execution of the judgment. *Id*. The defendant later filed a statement with the circuit court clerk explaining that he had missed the hearing because he had gone to the wrong courthouse, and the court treated the statement as a motion to reconsider. *Id*. The trial court denied the defendant's "motion," and the defendant appealed the dismissal of his appeal to this court. *Id*.
>
> On appeal, the *Nix* court reviewed the statutes quoted above and found that the dismissal of an appeal from general sessions "is warranted"

if the appellant "fails to appear and prosecute his appeal in circuit court." *Id*. at \*2. The court reviewed other cases in which the circuit court had dismissed an appeal by a general sessions appellant when the appellant failed to appear to prosecute the appeal in circuit court. *Id.*; *see Steve Frost Agency v. Spurlock*, 859 S.W.2d 337, 338-39 (Tenn. Ct. App. 1993) (appellant failed to appear at hearing because he believed hearing was scheduled for different day); *Osborne v. Turner*, No. 296, 1991 WL 26720, at \*1-2 (Tenn. Ct. App. Mar. 5, 1991) (appellant failed to appear at hearing because she was out of state). Finding that the statutes controlled the outcome of the case, the *Nix* court affirmed the circuit court's judgment. *Nix*, 2007 WL 1541331, at \*3. The *Nix* court concluded that "the plaintiff was entitled to have judgment final, by default, for the amount of the judgment of the court of general sessions" due to the appellant's failure to appear and prosecute his appeal. *Id*. at \*3.

In *Memphis Area Teachers Credit Union v. Jones*, No. W2009-01419-COA-R3-CV, 2010 WL 2349202 (Tenn. Ct. App. June 14, 2010), the defendant appealed a decision from general sessions to circuit court. *Jones*, 2010 WL 2349202, at \*1. The defendant was not at the hearing when the appeal was called because he was told by someone at his attorney's office that the hearing would be at a different courthouse. *Id*. The circuit court dismissed the appeal based on the defendant's failure to prosecute it. *Id*. On appeal, the Court of Appeals reviewed the statutes quoted above, and based on the outcome of *Nix*, the court concluded that it "must affirm" the circuit court's dismissal of the defendant's appeal. *Id*. at \*3.

Although Mr. Browning did not fail to prosecute his appeal because he went to the wrong courthouse, as the appellants did in *Nix* and *Jones*, we do not believe his failure to locate the proper courtroom before the case was called is materially different because, in all three cases, the appellant "fail[ed] to appear and prosecute the appeal." Tenn. Code Ann. § 27-5-106(a). The statutes do not give the trial court discretion to enter final judgment for the plaintiff; rather, section 27-5-106(a) provides that "the plaintiff shall have judgment final, by default, for the amount of the judgment of the court of general sessions" if the appellant/defendant "fails to appear and prosecute the appeal." *Id*.; *see also* Tenn. Code Ann. § 27-5-107 (providing that if the general sessions clerk returns the papers properly, "and the appellant fails to appear or defend as above," then "the appellee is entitled to an affirmance of the judgment below"). Concluding that the

holdings in *Nix* and *Jones* control the outcome here, we affirm the trial court's judgment.

*Browning*, 2018 WL 4057245 at *1-3 (footnotes omitted). Recognizing the harshness of the result, we elaborated in a footnote:

> We acknowledge the harsh result in this case and believe the trial court could have waited longer than a mere seven minutes before calling the case and awarding Ms. Browning a default judgment. However, trial court judges have "broad discretionary authority to control their dockets and the proceedings in their courts," *Hessmer v. Hessmer*, 138 S.W.3d 901, 904 (Tenn. Ct. App. 2003), and we are not at liberty to disregard the dictates of the statute. Any change to the law must come from the legislature, and any other interpretation of the current statutes must come from the Tennessee Supreme Court.

*Id*. at *3 n. 3.

Plaintiff contends that *Browning* stands for the proposition that dismissal is mandated by statute when a defendant appealing from general sessions court to the circuit court fails to appear for any reason. Plaintiff is correct in that the statute leaves a circuit court no flexibility in the matter when an appellant/defendant "fails to appear," as noted in *Browning*.[1] However, that is not the precise issue before us. The issue is whether Defendant's mere absence amounted to failure to appear for purposes of the statute. Plaintiff argues that a circuit court has no discretion to make that distinction. We disagree. An appellant/defendant could make every good faith effort to show up at trial and still be prevented from getting there. "Fails to appear" suggests a lack of interest in prosecuting the appeal and that the appellant/defendant just did not bother to show up. Here, Defendant timely filed a motion pursuant to Tenn. R. Civ. P. 59.04 and 60.02 declaring that he missed trial because of a traffic jam and not because of any lack of interest or effort on his part. In other words, Defendant claimed he had a valid reason for not showing up, and the Circuit Court implicitly credited his reason by granting his motion. We find this result in keeping with the *Browning* court's acknowledgment of a trial court's discretionary authority to control its own docket and proceedings.

By Plaintiff's apparent reckoning, a defendant appealing to the circuit court from the general sessions court could miss trial because of a genuine reason totally beyond his

---

[1] We perceive an issue as to whether the Circuit Court should have entered a default judgment in favor of Plaintiff for Defendant's failure to appear rather than dismiss the appeal. Further, the parties do not address in their briefs the effect of returning "the papers" under Tenn. Code Ann. §§ 27-5-106 and 27-5-107. Given our resolution of this appeal, we need not resolve this latent issue.

control such as a medical emergency—or even because he or she was the victim of a mugging right outside the courthouse door which rendered him or her unconscious—and that defendant subsequently has no recourse because of the ostensible dictates of statute.[2] We do not believe the General Assembly intended this result and neither do the Tennessee Rules of Civil Procedure when they state "[t]he rules shall apply after appeal . . . of a general sessions civil lawsuit to circuit court . . . ." Tenn. R. Civ. P. 1(2). Rather, a circuit court has the discretion to determine whether an appellant/defendant's absence at trial constitutes a failure to appear for purposes of the statute. In addition, an appellant/defendant, making use of the rights and remedies available under the Tennessee Rules of Civil Procedure, may file a motion seeking relief from judgment on the basis that his or her absence was for a valid reason.[3] Whether or not the motion is granted is within the discretion of the circuit court judge.

In this case, Defendant missed trial and thereafter sought relief on the basis that he got stuck in traffic. The Circuit Court found his excuse valid. This was not an instance where an appellant/defendant abandoned his or her appeal. Rather, circumstances allegedly prevented Defendant from getting to trial. We hasten to add, had the Circuit Court denied Defendant's motion to set aside, that too would have been a discretionary decision subject to a deferential standard of review. Plaintiff has offered no argument that the Circuit Court abused its discretion in granting Defendant's motion, arguing instead only that the Circuit Court was required to deny the motion and sustain the earlier dismissal. We disagree, and find no reversible error in the Circuit Court's decision to grant Defendant's Motion to Set Aside, Alter or Amend Order.

In summary, we reverse the Circuit Court's April 2018 order wherein it concluded it lacked subject matter jurisdiction. That reinstates the Circuit Court's December 7, 2017 order granting Defendant's Motion to Set Aside, Alter or Amend Order, which we affirm. The judgment of the Circuit Court is affirmed, in part, and reversed, in part, and this case is remanded to the Circuit Court for further proceedings consistent with this Opinion.

---

[2] At oral argument, Plaintiff suggests an appellant/defendant could resort to filing a writ of certiorari. As we explain in this Opinion, we do not believe an appellant/defendant is restricted to such a route.

[3] If this opinion may be perceived as being in conflict with *Browning*, this then would seem to be an issue ripe for resolution by our Supreme Court.

## Conclusion

The judgment of the Circuit Court is affirmed, in part, and reversed, in part, and this cause is remanded to the Circuit Court for further proceedings consistent with this Opinion and for collection of costs. The costs on appeal are assessed against the Appellee, Ken Smith Auto Parts.

_____
D. MICHAEL SWINEY, CHIEF JUDGE